## GIBSON v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 195.   Argued April 8, 1904.—Decided April 25, 1904.

Under § 1444, Rev. Stat., and § 11 of the Navy Personnel Act of March 3,
1899, a captain in the navy who is retired as a rear admiral receives
three-fourths of the pay of rear admirals in the nine lower numbers of
the eighteen rear admirals provided for by the act and not three-fourths of
the pay of those in the nine higher numbers.

While repeals by implication are not favored where the same subject matter is covered by two acts which cannot be harmonized with a view to giving effect to the provisions of each, the latter act prevails, to the extent of the repugnancy between them when it is apparent that the latter act was intended as a substitute for the earlier one. *District of Columbia* v. *Hutton,* 143 U. S. 18.

Provisions as to allowances which are fixed for naval officers in the Navy Personnel Act of March 3, 1899, supersede the statutory provisions as to the same allowances in the earlier statutes.

THIS is an appeal from the Court of Claims. The claimant is a retired rear admiral. This action was prosecuted to recover the difference between three-fourths the pay of a brigadier general and that of a major general of the Army, accorded by statute to retired rear admirals. The Court of Claims dismissed the petition, holding the claimant entitled to three-fourths the pay of a brigadier general. Upon the hearing in that court the following facts were found:

"I. The claimant, William C. Gibson, was duly appointed a captain in the Navy, to rank from February 18, 1900. While serving in that grade, then being an officer of the Navy, with a creditable record, who served during the civil war, he was retired by the following order:

"'Navy Department.

"'WASHINGTON, June 30, 1900.

"'Sir: On July 23, 1900, you will regard yourself transferred to the retired list of officers of the U. S. Navy, in accordance with the provisions of section 1444 of the Revised Statutes, and with the rank and three-fourths of the sea pay of the next higher grade, *i. e.*, rear admiral, in accordance with the provisions of section 11 of the Naval Personnel Act, approved March 3, 1899.

"'Respectfully,          JOHN D. LONG,
                                     "'*Secretary.*

"'Captain William C. Gibson, U. S. Navy, commanding U. S. S. Texas.'

"II. Since his retirement he has received pay at the rate of

four thousand one hundred and twenty-five dollars ($4,125) a year, being three-fourths of five thousand five hundred dollars, ($5,500,) the pay fixed by section 1261 of the Revised Statutes of the United States as that of a brigadier general in the Army.

"If paid at the rate fixed by said section 1261 for a major general in the Army, he would receive pay at the rate of three-fourths of seven thousand five hundred dollars a year, being five thousand six hundred and twenty-five dollars ($5,625) a year, a difference of over and above what he has been receiving of one thousand five hundred dollars ($1,500) a year.

"III. From January 22, 1900, to July 3, 1900, inclusive, claimant was, by regular assignment, in command of the U. S. S. Texas, a seagoing vessel in commission. During that period he was, prior to the 18th of February, a commander in receipt of pay at the rate of four thousand dollars ($4,000) a year, and from and after that date a captain, receiving pay at the rate of four thousand five hundred dollars ($4,500) a year. He did not, while so attached to and in command of said vessel, receive any sea ration or commutation therefor, under Revised Statutes, sections 1578 and 1585.

"The commutation therefor at the rate of thirty cents per day would amount to forty-eight dollars and ninety cents ($48.90)."

*Mr. George A. King* and *Mr. William B. King* for appellant:

1. The word "grade" as used in section 11 has the same meaning as when used in section 7—that is, when a captain is retired under section 11, "the next higher grade" into which he goes is the "grade" of rear admiral as it is styled in section 7. "Three-fourths the sea pay of" that grade refers to the normal pay of the grade—that is, the pay of a major-general in the Army—not an exceptional rate of pay specifically attached to nine numbers in the grade of rear admiral, of which nine this claimant is not one. *United States* v. *Dickson*, 15 Pet. 141, 165; *Minis* v. *United States*, 15 Pet. 423, 445;

*Ryan* v. *Carter*, 93 U. S. 78, 83; Army Regulations (ed. of 1901), Art. III; *Schuetze* v. *United States*, 24 C. Cl. 299; 1 Opinions Attorneys General, 578, 582; 19 Opinions Attorneys General, 169.

2. The Personnel Act grants commissioned officers of the line of the Navy and of the medical and pay corps the same pay and allowances, except forage, as Army officers. Thereby they get the pay of Army officers in lieu of Navy pay; when traveling, Army mileage in lieu of Navy mileage; when ashore, Army allowances of quarters or commutation and fuel, which they had not before. These the law grants them in express terms; by necessary implication their Navy pay and Navy mileage for which there is an Army equivalent are taken away. The benefit to them in the way of allowances is entirely when on shore. There would be no inconsistency between the retention of the Navy sea ration and the grant of Army allowances for shore duty made by the act. *Hartford* v. *United States*, 8 Cranch, 109; *McCool* v. *Smith*, 1 Black, 470; *Ex parte Yeager*, 8 Wall. 105; *Distilled Spirits*, 11 Wall. 365; *Henderson's Tobacco*, 11 Wall. 657; *Red Rock* v. *Henry*, 106 U. S. 601; *Frost* v. *Wenie*, 157 U. S. 46, 58; Black on Interpretation of Laws, 116; Sedgwick (2d ed.), Pomeroy's Notes, p. 97; Potter's Dwarris, p. 273; *United States* v. *Greathouse*, 166 U. S. 501; *United States* v. *Healey*, 160 U. S. 136.

*Mr. A. A. Hoehling, Jr.*, with whom *Mr. Charles L. Frailey* was on the brief, for appellant in No. 212, argued simultaneously with this case:

There is no language in the sections of the Navy "Personnel Act" applicable to this case which provides that officers of the Navy with the rank of captain, who retire with the rank and three-fourths sea pay of the next higher grade, are to be included among the nine lower numbers of the active list of the rear admirals, or that there is a pay grade formed by the nine lower numbers of rear admirals on the active list within which the retiring officers above mentioned are to be included.

Where the meaning of a statute is plain and there is no

ambiguity it is the duty of the courts to enforce it according ·
to its obvious terms and not to insert words and phrases so as
to incorporate therein a new and distinct provision.  This
principle of construction is applicable in this case.  *Lake
County* v. *Rollins,* 130 U. S. 662, 673; *United States* v. *Tyler,*
105 U. S. 244; *Thornley* v. *United States,* 113 U. S. 310; *United
States* v. *Graham,* 119 U. S. 219; *United States* v. *Temple,* 105
U. S. 97; *Farnsworth* v. *Montana,* 129 U. S. 104; *Hamilton* v.
*Rathbone,* 175 U. S. 414.

*Mr. Assistant Attorney General Pradt,* with whom *Mr. Special
Attorney Thompson* was on the brief, for the United States,
cited as to construction of the Navy Personnel Act, *Rodgers*
v. *United States,* 36 C. Cl. 275; 185 U. S. 91, and opinion of
Court of Claims in *Thomas* v. *United States,* 38 C. Cl. 113, and,
as to the construction of the statute, *Dist. Columbia* v. *Hutton,* 143 U. S. 18, 26.  A revision is meant to take the place
of the law as previously formulated.  *Batlett* v. *King,* cited in
Sutherland on Statutory Construction, § 154; *King* v. *Cornell,*
106 U. S. 395.

MR. JUSTICE DAY, after making the foregoing statement,
delivered the opinion of the court.

The first question presented is whether a captain in the
Navy retired as a rear admiral, under section 1444 of the
Revised Statutes of the United States and section 11 of the
Navy Personnel Act, shall receive three-fourths of the pay
of the rear admirals in the nine higher numbers in the list of
rear admirals or the like proportion of the pay of the nine
lower numbers of the eighteen rear admirals.

Section 1444 of the Revised Statutes provides: "When any
officer below the rank of vice admiral is sixty-two years old,
he shall, except in the case provided in the next section, be
retired by the President from active service."

Section 11 of the Navy Personnel Act reads: "That any
officer of the Navy, with a creditable record, who served during

the civil war, shall, when retired, be retired with the rank and three-fourths the sea pay of the next higher grade." 30 Stat. 1004, 1007.

Section 13 provides: "That after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army."

In the first proviso of section 7 of said act, provision having been made for eighteen rear admirals in the active list of the line of the Navy, it is enacted as follows: "*Provided,* That each rear admiral embraced in the nine lower numbers of that grade shall receive the same pay and allowance as are now allowed a brigadier general in the Army." 30 Stat. 1005.

The claimant at the time of his retirement was a captain in the United States Navy, who had served during the civil war, and was retired, by order of the Secretary of the Navy, pursuant to section 1444 of the Revised Statutes, with the rank and with three-quarters of the sea pay of the next higher grade, in accordance with section 11 of the Navy Personnel Act above quoted.

By section 1466 of the Revised Statutes of the United States it is provided:

"The relative rank between officers of the Navy, whether on the active or retired list, and officers of the Army shall be as follows, lineal rank only being considered:

"The vice admiral shall rank with the lieutenant general.

"Rear admirals with major generals.

"Commodores with brigadier generals.

"Captains with colonels.

"Commanders with lieutenant colonels.

"Lieutenant commanders with majors.

"Lieutenants with captains.

"Masters with first lieutenants.

"Ensigns with second lieutenants."

Section 1261 fixes the pay of the officers of the Army:

"The officers of the Army shall be entitled to the pay herein stated after their respective designations:

"The general: thirteen thousand five hundred dollars a year.

"Lieutenant general: eleven thousand dollars a year.

"Major general: seven thousand five hundred dollars a year.

"Brigadier general: five thousand five hundred dollars a year.

"Colonel: three thousand five hundred dollars a year."

The claim of the appellant is, in substance, that the pay of the next higher grade above captain, the three-quarters of which the appellant is to receive, is the full pay of a rear admiral, that of a major general, and not what is claimed to be the exceptional pay for the nine lower numbers of that grade who are to receive the pay and allowance of a brigadier general.

It is admitted in the discussion, that the provision fixing the pay of the nine rear admirals to correspond with the pay of a brigadier general arose from the fact that the relative rank of officers of the Army and Navy had been so adjusted by statute as to rank commodores with brigadier generals, and the rank of commodore being dropped from the service, the pay of a brigadier general was given to the nine lower numbers of the rear admirals, who would otherwise have had the rank of commodores with the corresponding pay of brigadier generals.

The argument for the appellant insists that the language is plain and so explicit as to need no construction; but the fact that the rear admirals are divided into two classes for the purposes of pay, and the statute not specifically pointing out which class of pay shall be given those situated as the claimant is, leads us to consider the objects to be attained by the new law, the circumstances under which it was enacted, and to construe the language used in view of the purpose of Congress in enacting the statute.

There is no question that, had the claimant been promoted in the active service from captain to rear admiral, he would have passed into the lower grade of rear admirals, so far at least as his pay was concerned, and would have received, so

long as within that number, the pay of a brigadier general, notwithstanding that for all other purposes he was entitled to the rank and privileges of a rear admiral.

The appellant was promoted, and almost immediately retired; when thus retired, having served during the civil war, he was given the rank of the next higher grade and three-fourths of the sea pay of that grade. Congress had already created for the purposes of pay a division in the rank or grade of rear admiral, with higher pay for those of higher number and lower pay for others in the rank. It seems to us that it was the object of Congress, when retiring an officer under the circumstances stated, that he should receive the pay of the next higher rank, and, but for the division made in the pay of rear admirals, he would receive the three-quarters of the full pay of that rank, but taking one step upward for the purpose of pay he passes into and not over the next pay grade, which is that of the nine lower numbers.

In regular gradation in the active service, a rear admiral, for the purposes of pay, must first serve through the nine lower numbers of the grade. So with a retiring officer; it is the purpose to give him, as compensation in the regular order of promotion, the pay of the "next higher grade." This conclusion is in harmony with the decision of this court in *Rodgers v. United States,* 185 U. S. 83, 91, in which Mr. Justice Brewer, speaking for the court, said of this statute:

"The individuals thus raised in rank were not so raised on account of distinguished services or for any personal reason, but simply in consequence of the abolition of the official rank they had held. Is it unreasonable to believe that Congress thought it unwise to give to those officers (who had neither by length of service or by personal distinction become entitled to the position of rear admiral, as it had stood in the past) all the benefits of such position? Would it be unnatural for Congress to bear in mind those who by length of service or by personal distinction had already earned the position, and provide that in, at least, the matter of pay there should be some recognition

of the fact? Again, is it unreasonable to believe that Congress intended that those officers whose past services placed them according to the prior relative rank side by side with brigadier generals of the Army, should not by a mere change of statute be given a benefit in salary which was not at the same time. accorded to brigadier generals in the Army? May not this explain its action in so dividing the rear admirals into two classes—one composed substantially of former rear admirals, equal both in rank and pay with major generals in the Army, and the other of those who in the past were only commodores, to whom was given the rank of rear admirals but the pay of brigadier generals in the Army?"

We cannot believe that it was the intention of Congress that an officer upon retirement, and whose promotion shortly before his retirement was made for the purpose of giving him an increase of pay as well as rank, was intended to be given the higher grade of pay reserved for those of distinction or long service in the grade to which the retiring officer was promoted, leaving those in the active service who earned the right to promotion to receive the lower grade of pay. In short, we believe it was the intention of Congress to promote a retiring officer for the purposes of pay into the next grade above that in which he served before retirement. In this case such compensation was that provided for rear admirals of the lower grade. If this were not so, a retiring rear admiral would receive, under the circumstances now before us, more pay upon retirement than is given to the rear admirals in active service, in the lower pay grade. It is urged that the promotion and retirement of those who had rendered valuable service in the civil war was the object of Congress, which purpose is best subserved by construing the statute to give in case of such promotions the full rank and pay of the grade to which the officer is promoted. This reasoning may be adequate to furnish a motive for such legislation, but we can only give effect to purposes expressed or necessarily implied in the terms of the statute.

But, it is urged, that in sections 8 and 9 of the Navy Personnel Act, Congress, in providing for retirement of naval officers, has included the grade of commodores, and provides that captains within their terms shall be retired with three-fourths the pay of the next higher grade, "including the grade of commodore, which is retained on the retired list for this purpose," thus evincing the purpose of Congress to retain the rank and pay of commodores in express terms when such is the purpose. But this reservation is for officers retired under these sections who are not to rank above commodores, while officers who served in the civil war and are retired are to have the full rank of admirals with the pay of the lower grade of the rank.

We agree with the Comptroller of the Treasury and the Court of Claims in the construction to be given this statute. If the purpose of Congress has been mistaken the law can be corrected by a new enactment making clear the intention to give the more liberal treatment contended for by the appellant.

The question remains as to the right of this officer to receive commutation for the sea ration provided for by sections 1578 and 1585 of the Revised Statutes. These sections are:

"SEC. 1578. All officers shall be entitled to one ration, or to commutation therefor, while at sea or attached to a sea-going vessel.

"SEC. 1585. Thirty cents shall in all cases be deemed the commutation price of the navy ration."

The provision of section 13 of the Navy Personnel Act is:

Officers of the Navy "shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army." 30 Stat. 1007.

The claim upon this branch of the case is that sections 1578 and 1585 are not repealed in express terms by section 13 of the Navy Personnel Act; and, as repeals by implication are not favored, it is argued that, notwithstanding the later law, the allowance for sea rations still remains for naval officers. But

the later act distinctly provides that after June 30, 1899, commissioned officers of the line of the Navy and of the medical and pay corps shall receive the same compensation and allowance, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army. This section was intended to cover and in exact terms provides for all pay and allowance for naval officers except forage. Where it is the intention of the statute to make a distinction or exception in allowance, that exception is expressly stated. The subject matter of the later act provides for allowances to such officers, and it is to be the same as is now provided by law for Army officers of corresponding rank. Had Congress intended that such allowances as theretofore given should be continued, or to reserve the right to commutation as to the sea ration, it would have been very easy to have inserted apt words which would have rendered effectual this purpose. But the terms of the law undertaking to revise former laws upon the subject make no such reservation as is contended for, and we think we are not at liberty to add to the statute by inserting it.

It is true that repeals by implication are not favored, but where the same subject matter is covered by two acts which cannot be harmonized with a view to giving effect to the provisions of each, to the extent of the repugnancy between them the latter act will prevail, particularly in cases where it is apparent that the later act was intended as a substitute for the earlier one. *District of Columbia* v. *Hutton*, 143 U. S. 18, 26.

It is admitted that a change in the compensation of naval officers was made by the enactment of the new law, and, while section 13 provided that such officers should not be reduced in pay, there is no provision retaining the allowances of the former act. Moreover, section 26 of the Navy Personnel Act provides that all acts and parts of acts, so far as they conflict with its provisions, shall be repealed. For the reasons stated we think the allowance of the previous statute cannot stand

consistently with the express provision upon the same subject of the later act.

We find no error in the judgment of the Court of Claims, and the same is

*Affirmed.*

MR. JUSTICE BREWER took no part in the consideration or decision of this case.