Campbell, Chief Justice,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff was a captain in the Navy, and became eligible for promotion to the grade of rear admiral, subject to the examinations for physical, mental, moral, and pro *81 fessional qualifications prescribed by law. He was examined by a board of medical examiners on February 18,1914. The board reported that he was not physically qualified to perform sea duty because of defective hearing contracted in the line of duty, and recommended him for promotion in accordance with the provisions of section 1494, Revised Statutes. This section provides for the case of an officer whose physical disqualification is found by the medical board to have been occasioned by wounds received in the line of his duties, and that such wounds do not incapacitate him for other duties in the grade to which he is to be promoted. The President disapproved the recommendation of said board, and directed that Capt. Tappan be ordered to appear before a naval retiring board, in conformity with Title XV, chapter 3, of the Revised Statutes. It is there provided that where a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of the service, such officer shall, if the decision be approved by the President, be retired from active service, with retired pay, as allowed by chapter 8 of Title XV. It is also provided by section 1451 that officers retired from active service shall be placed on the retired list of officers of the grades to which they belonged, respectively, at the time of their retirement, and continue to be borne on the Navy Register. It would follow from these statutes that the plaintiff would have been retired in the grade of captain, and with that rank, were it not for the fact that the act of March 4,1911, 36 Stat., 1267, provides:
“ Hereafter, if any officer of the United States Navy shall fail in his physical examination for promotion and be found incapacitated for service by reason of physical disability contracted in the line of duty, he shall be retired with the rank to which his seniority entitled him to be promoted.”
It is now contended in his behalf that under this later act the plaintiff is entitled to the pay and allowances of a rear admiral of the first nine instead of the pay and allowances of a rear admiral of the second nine. The act of March 4, 1911, remedies the situation in which an officer was placed under the preexisting law who failed in his physical exami *82 nation for promotion owing to a disability contracted in the line of duty. After serving through a grade and becoming eligible to promotion to the next higher grade, his failure to stand the physical examination, though it was occasioned by a disability contracted in the line of duty, yet required that he be retired in the grade through which he had served. The act of 1911 authorizes his retirement with the rank, and the consequent higher pay, of the grade to which he is eligible to promotion, and for promotion to which he is being examined. By its terms that act relates to the physical examination of an officer for promotion and to the finding of an incapacity for service by reason of physical disability contracted in the line of duty. The conditions, therefore, under which an officer secures the benefit of the act of 1911 are (1) the failure in his physical examination for promotion, and (2) a finding that his incapacity for service was occasioned by physical disability contracted in the line of duty. These conditions prevailing, he becomes entitled, on his subsequent retirement, to be retired with the rank to which his seniority entitled him to be promoted when he was examined for promotion. The act does not authorize a retirement with a higher rank than he would have had if he had successfully passed his examination.
If the plaintiff had passed his examinations he would have entered in the second nine of the grade of rear admiral and would have received the pay incident to a rear admiral of the second nine. Gibson’s case, 194 U. S., 182. Having failed in his physical examination, the statute authorizes his retirement with the rank of rear admiral and the pay which he would have received if he had successfully passed the examination. The rank with which the officer is to be retired is not determined by the date of the action of the retiring board. The language of the act is that he shall be retired with the rank to which his seniority “ entitled,” not with the rank to which his seniority entitles. The reference, therefore, must be to the former examination, and not to the action bj^ the retiring board. And this is the more reasonable view and may be illustrated as follows r
Suppose an officer, a captain in the Navy, is examined and found to have a physical disability contracted in the line of *83 duty, so that his promotion is arrested and he is at once retired. In that case he is retired with the rank of rear admiral and in the second nine. Suppose the next officer to him has exactly the same history, but the retiring board does not act for some time, and until such a time that, if the officer’s seniority alone be regarded, he might be eligible to the first nine. Can it reasonably be said of the two officers, coming up at practically the same time for examination, 'having the same history, both retired for the same cause, that the one can be retired in the second nine and the other in the first nine ? Or, again, suppose some officer lower than that of captain becomes eligible for promotion and fails for like cause. Would the failure of the retiring board to act and retire him enable him to pass over the grade of captain and be retired with the rank of a rear admiral ?
It is urged that the plaintiff was carried on the official register as a rear admiral, “ subject to examination and confirmation,” but manifestly the plaintiff was not a rear admiral; nor do we understand the register to be subject to that construction. The notation following his name indicated simply that he was eligible to be a rear admiral. The act authorizing his retirement with the rank of a rear admiral did not make him a rear admiral. Woods case, 15 C. Cls., 151, 161; affirmed 107 U. S., 414, 417.
The plaintiff having received all the compensation to which he was entitled the petition must be dismissed, and it is so ordered.
Judge Hay, Judge Downey, and Judge Booth concur.