Howry, J.,
delivered the opinion of the court:
Plaintiff’s claim is for extra pay on account of service rendered as lieutenant (junior grade) in the Navy from July 1, 1899, to September 8, 1900, as an aid to a rear-admiral. He claims the pay granted by section 1261 of the Revised Statutes given to an aid serving as such to a major-general in the Army', and next the mounted pay provided by paragraph 1301 of the Army Regulations.
The act of March 3, 1899 (sec. 13, 2 Supp. R. S., 972; 30 Stat. L., 1007),. provides as follows:
“That after June 30, 1899, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall *84 receive the same pay and allowances, except forage, as are or maj’ be provided by or in pursuance of law for the officers of corresponding rank in the Army.”
Section 1098-of the Revised.'Statutes provides as follows:
“Each major-general shall have three aids, who may be selected by him from captains or lieutenants of the Army.”
Army pay is fixed by section 1261 of the Revised Statutes as follows:
“The officers of the Army shall be entitled to the pay herein stated after their respective designations: * * * First, lieutenant, mounted/ sixteen hundred dollars a year; first lieutenant, not mounted, fifteen hundred dollars a year, * * * aid to major-general, two hundred dollars a year, in addition to pay of his rank.”
Section 1262 provides for longevity pay as follows:
“There shall be allowed and paid to each commissioned officer below the rank of brigadier-general, including chaplains and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years of service.”
In refusing payment the accounting officers have acted upon the opinion of the Comptroller of the Treasury, who, in considering a similar question, has held that as the right of a general officer in the Army to aids is a right conferred by special statute, only the aids specifically appointed under those statutes are entitled to the extra pay; and inasmuch as a naval aid is appointed under other authority of law such naval aid is consequently not entitled to the pay granted to aids appointed as provided in the law governing the Army; that is, that additional pay to aids in the Army granted by section 1261 of the Revised Statutes applies only to those aids provided for in section 1098. And further, that pay to an aid to'a major-general is not pay provided bylaw “for the officers of corresponding rank in the Army,” being pay for dutj1' and not for rank. (6 Comp. Dec., 154.)
Plaintiff was not detailed under the provisions of section 1469. That section authorizes the detail of a line officer to act as the aid or executive of the commanding officer of a vessel of war or naval station, which officer of the line, when not impracticable, is to rank next to the commanding officer. *85 The officer referred to in this statute is the immediate assistant of the commanding officer of - a vessel who is usually of rank below a rear-admiral, or of a station. This plaintiff was not that kind of an aid of executive. But he was an aid to a rear-admiral. Such aids are appointed under paragraphs 343 and 345, Naval Regulations of 1895, as follows:
“343. The chief of’ staff, flag lieutenant, clerk, and aids shall constitute the personal staff of a flag officer.”
“345. (1) A flag officer may select any officer of his command to serve as flag lieutenant or clerk, provided his grade accords with the rules laid down in article 344.
“ (2) He may also, when necessary, select other line officers junior to the flag lieutenant to serve on his personal staff as aids, but shall not assign naval cadets to such duty.”
The duties of naval aids provided for in the regulations are regulated bj7 the chief of staff, subject to the flag officer; and such aids are subject to the internal regulations and the routine of the ship; and their duties, except when ordered by the captain of the ship, do not relate to the vessel itself, but are personal to the commanding officer. (Par. 347, Navy Reg.) The duties of aids to general officers in the Army are not prescribed, but such aids are of course subject to the control and direction of the officer upon whose staff they serve. (Pars. 32 to 36, Army Reg.)
From the foregoing it will be seen that the duties of aids to rear-admirals are substantially the same as the duties of aids to generals. In each case the duties are personal to the commanding officers. As the regulations are not drawn in question and no' doubt arises as to the authority of the Secretary of the Navy to make the regulations, the appointment of aids to rear-admirals is as much authorized by law as the appointment of aids to generals under statute. Whether the aids are appointed under statute for one arm of the service or under regulations for another the results are the same as far as the character of the service is concerned.
The additional pay to the army officer is in the nature of an allowance. It goes to his rank, depends on rank, and is extra pay for special service. In the case of a naval officer duly appointed aid to a rear-admiral the extra pay is likewise for rank and special service. The navy personnel act attempted *86 to assimilate the pay, and did so as far as conditions admit of the application of the act. It is not for the courts to add to or take from the act where the paj7 for a similar service rendered by a naval officer can be assimilated to that of an officer of corresponding rank in the Arnry.
It is true that if the Secretary of War should assign any number of aids to an officer which he might deem advisable, onl_y the number authorized can be allowed the additional compensation provided by law. The appointment and payment of such additional aids would be an enlargement of the statutes providing aids for generals, and a regulation which should undertake to provide for such additional appointments with pay would not be valid.
The Secretaiy of the Navj7 does not run counter to the statutes in making regulations providing a personal staff for a rear-admiral. The rank of an officer so assigned being shown tobe the same and the special service being performed in a similar manner, similar pay is the consequence.
The Armj7 regulation gives the pay of mounted officers “ to authorized aids duly appointed.” But mounted paj7 is not always synonjmious with mounted service, as there may be mounted pay without actual mount. An officer in the Army serving as an aid may sometimes be where, in the performance of duty, he can not be mounted. Again, such an officer may sometimes be where he can be mounted and yet where he is not mounted. An aid to a general doing duty on some small island or at the seat of government either can not use a horse or he may not have one. Nevertheless, the statutes in such cases provide the mounted pay, despite the actual conditions which may prevent the use of a horse in the one case or render unnecessary the keep of a horse in the other. The officer in such cases would only be deprived of the allowance of forage.
The navy personnel act undertook to establish an equality of pay proper between officers of the Army and officers of the Navy corresponding in rank. There is an incongruity between naval duties and mounted service, and yet the statute has applied the same amount of pay to authorized aids, like those we have been considering, in both branches of the service. The equality of paj7 fixed b}7 the statute and the application *87 of the equality here more fully appear in another cause, by which this branch of the case must be governed. (Richardson v. United States, post.)
Judgment will be entered for plaintiff in the amount set forth in the conclusions of law.