Athinson, J.,
delivered the opinion of the court:
The petition before us is based upon section 1261, Devised Statutes, which fixes the pay of officers of the Army, mounted and not mounted; section 1466, which fixes the relative rank between officers of the Army and the Navy; section 21 of the act of February 2, 1901 (31 Stat. L., 754), which designates what officers shall constitute the Pay Department of the Army, in which the lowest rank in that deportment is fixed as captain, mounted; and the act of March 3, 1899 (30 Stat. L., 1007).
The claimant, in the several grades held by him in the United States Navy, as set forth in finding i, has been paid the same pay as officers of the Army of corresponding rank, not mounted, and was paid two months’ mounted pay from August 1, 1903, to September 30, 1903. He therefore brings this suit to recover the difference between the pay received and that of officers of the Army of corresponding • rank, mounted, from July 5,1899, to July 30,1903.
*458 This claim was presented to the Auditor of the Navy Department, and payment thereon was refused. An appeal was taken to the Comptroller of the Treasury, who held that “ there were and are still paymasters of the Navy of the rank of lieutenant, junior grade, and ensign, who have no relative ranh among paymasters of the Army” thus deciding, in effect, as we construe his language, that while the claimant was serving as ensign in junior grade he was not entitled to mounted pay. ' Nevertheless the concluding paragraph of the opinion states uthat officers of the Pay Oorps of the Navy a,re entitled to mounted pay ” (10 Comp. Dec., 528).
The cases of Crosley v. The United States (38 C. Cls. R., 82) and Richardson v. The United States (ibid., 182) are cited by counsel for both sides in the case before us. Crosley was a lieutenant (junior grade) in the Navy, and was assigned to duty as an aid to a rear-admiral. He brought a suit in. this court against the United States to recover pay as such aid and also for mounted pay, and the case was resolved in his favor. The case ivas appealed to the Supreme Court of the United States, and that court modified the judgment of the court below by disallowing the sums claimed in the petition and carried into the judgment on account of mounted pay and longevity pay based thereon. (United States v. Crosley, 196 U. S. R., 327.) Richardson was an assistant surgeon in the Navy, who sued in this court to recover similar pay to Crosley, and judgment was also rendered in his favor. Neither of these cases, however, is exactly similar to the case of Stevens now before us.
We do not regard it necessary to disturb the ruling of the court in the case of Richardson (supra) by holding that, under existing statutes, the Pay Corps of the Navy is not entitled to mounted pay. The act of June 7,1900 (31 Stat. L., 697), provides in part as follows:
“ The active list of surgeons shall hereafter consist of fifty-five, and that of passed assistant and assistant surgeons of one hundred and ten. Assistant surgeons shall ranh with assistant surgeons in the Army.”
Richardson was an assistant surgeon in the Navy, and the foregoing statute specially provides that he should rank with *459 assistant surgeons in the Army. Assistant surgeons in the Army being mounted, the court might justly grant mounted pay to an assistant surgeon in the Navy, as it did in the Richardson case. As seen by the foregoing statute, Congress specifically provided the ranle of assistant surgeons in the Navy, and directed the attention of the interpreter of the statutes to that section which provides the rank of assistant surgeons in the Army. But when the court comes to deal with the Pay Corps of the Navy, it becomes necessary, in determining their pay, to ascertain, first, their rank, and then examine section 1466, Revised Statutes, in connection therewith, to ascertain what officer in the Army corresponds to the rank of the claimant in the case before us.
The provisions' found in section 1466 have usually been termed “ assimilation of ranks.” The act of February 2, 1901, section 21 (31 Stat. L., 754), provides the rank for certain officials in the Pay Corps of the Army, and is in part as follows:
“ Sec. 21. That the Pay Department shall consist of one paymaster-general with the rank of brigadier-general, three assistant paymasters-general with the rank of colonel, four deputy paymasters-general with the rank of lieutenant-colonel, twenty paymasters with the rank of major, and twenty-five paymasters with the rank of captain, mounted.”
The purpose of the foregoing statute is simply to fix the rank of the various officials in the Pay Corps of the Army, and when it has subserved this purpose its mission necessarily ceases.
Section 1475, Revised Statutes, provides that officers of the Pay Corps on the active list of the Navy shall have relative rank as follows:
“ Pay directors, the relative rank of captain.
“ Pay inspertors, the relative rank of commander.
“ Paymasters, the relative rank of lieutenant-commander or lieutenant.
“ Passed assistant paymasters, the relative rank of lieutenant or master.
“Assistant paymasters, the relative rank of master or ensign.”
*460 The purpose of the foregoing section, as we understand it, is to fix the rank of the officials in the Pay Corps of the Navy, and having fixed the rank, as above shown, the section can have no further purpose.
Section 1466, Revised Statutes, provides for the assimilation of ranks as follows: That the relative rank between officers of the Navy and officers of the Army shall be, lineal rank only being considered:
“ The Vice-Admiral shall rank with the Lieutenant-General.
“ Rear-admirals with major-generals.
“ Commodores with brigadier-generals.
“ Captains with colonels.
“ Commanders with lieutenant-colonels.
“ Lieutenant-commanders with majors.
“ Lieutenants with captains.
“ Masters with first lieutenants.
“ Ensigns with second lieutenants.”
It will be .seen in the foregoing statute that “ relative rank ” is mentioned, and in many other statutes the term relative rank ”• is also used.
The act of March 3, .1899 (sec. 7, 30 Stat. L., 1006), contains the following provision:
“And provided further, That all sections of the Revised Statutes which, in defining the rank of officers or positions ir. the Navy, contain the words ‘ the relative rank o.f ’ .are hereby amended so as to read ‘ the rank of * *
Section 13 of what is commonly termed the “ navy personnel act,” approved March .3, 1899, provides in part as follows:
“ Sec. 13. That, after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the-Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army * * *.”
In seeking to determine the pay of an officer in the Pay Corps of the Navy it is first necessary to ascertain the officer’s rank. After having determined the rank, there is no *461 other statute to which the mind of the investigator can be directed except section 1466 of the Revised Statutes, which furnishes the standard by which the pay of an officer in the Navy may be' measured.
The officers of the Pay Corps of the Navy have their rank fixed by section 1475, Revised Statutes, but there is nothing to suggest that a paymaster in the Navy with the rank of lieutenant, when seeking to ascertain his pay, should go to that section of the statute which fixes the rank of officers of the Pay Corps of the Army. It is not similar duties which provide the basis of pay, but it is rank, and an officer in the Navy seeking to enjoy the privileges conferred bjr the navy personnel act must go to section 1466, Revised Statutes, and ascertain from that section what officer corresponds with himself in rank, and from this his pay must be determined. Nowhere is there any such provision made whereby paymasters in the Navy shall rank with paymasters in the Army. In that respect, as to assistant surgeons ranking with assistant surgeons in the Army, that official, namely, assistant surgeon, stands alone, unique, so to speak, expressly provided for in the act of Jline 7, 1900.
For the foregoing reasons we conclude that the refusal to grant mounted pay to the Pay Corps of the Navy would not in any sense disturb the doctrine laid down in the Richardson case. The decision in that case was based upon the fact of the special provision whereby Richardson, who was an assistant surgeon in the Navy, should rank with an assistant surgeon in the Army.
We therefore hold in.the case at bar, that the claimant, being a paymaster in the Navy, is not entitled to mounted pay under existing statutes, nor can he be allowed longevity pay based upon the increase which he claims should be given to him as mounted pay.
The petition of claimant must-be dismissed.