Booth, J.,
delivered the opinion of the court:
Harry McL. P. Huse, the claimant herein, was assigned to duty at the Naval Academy on September 29,1898, as the head of the department of modern languages. He continued under said assignment until detached on June 11, 1900. During this entire period he occupied the grade of lieutenant in the navy. On October 3, 1902, he was again ordered to duty at the Naval Academy, and under the following assignments remained there, namely: From October 6, 1902, until December 15, 1902, instructor in the department of navigation; from December 15, 1902, until July 1, 1903, head of the department of modern languages; from July 1, 1903, until February 1, 1904, in charge of the department of modern languages; from February 1, 1904, to January 9, 1905, head of the department of modern languages, and during all the period of these latter assignments he held the grade of lieutenant-commander in the navy.
From July 1, 1899, to June 16, 1900, claimant was paid for services at the academy as lieutenant in the navy, and from October 6, 1902, to January 9, 1905, as a lieutenant-commander in the navy on shore duty. He now claims pay *23 as a commander corresponding with the pay of a lieutenant-colonel in the army, and it is for this difference in pay he seeks recovery. This suit is predicated on the act of March 8, 1899 (30 Stat. L., 1007) :
“ That after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty.”
Claimant’s contention being that while a line officer of the navy performing the duties of a professor at the Naval Academy he became by virtue of the foregoing statute entitled to receive the same pay as a professor performing like services in the Military Academy.
Section 1336, Revised Statutes, as amended by the act of June 23, 1879 (21 Stat. L., 34), provides as follows:
“ Each of the professors of the Military Academy whose service as professor at the academy exceeds ten years shall have the pay and allowances of colonel, and all other professors shall have the pay and allowances of lieutenant-colonels; and the instructors of ordnance and science of gunnery and of practical engineering shall have the pay and allowances of major; and hereafter there shall be allowed and paid to the said professors ten per centum of their current yearly pay for each and every term of five years’ service in the army and at the academy: Provided, That such addition shall in no case exceed forty per centum of said yearly pay; and said professors are hereby placed upon the same footing, as regards restrictions upon pay and retirement from active service, as officers of the army.”
Section 1313, Revised Statutes, page 226, provides as * follows:
“ The superintendent, the commandant of cadets, and the professors shall be appointed by the President. The assistant professors, the acting assistant professors, and the adjutant shall be officers of the army, detailed and assigned to such duties by the Secretary of War, or cadets, assigned by the superintendent, under the direction of the Secretary of War.”
*24 The Assistant Comptroller of the Treasurer, in passing upon this case, held:
“ The claimant while performing the duties as 4 head of the department of modern languages ’ at the Naval Academy did not come within the term 4 other professors ’ within the meaning of section 1336 of the Revised Statutes. * * *
“ The position of professor at the Military Academy is an office separate and distinct from any other office in the army, the incumbent of which is appointed by the President and not detailed from the officers of the army.” * * *
We think the above conclusions clearly deducible from the foregoing statutes. The claimant during his first period of service at the Naval Academy ranked with a captain in the army and was paid accordingly. During his second service he ranked with a major in the army and received the pay of a major. The act of March 3, 1899, supra, in terms, fixes rank as the basis for assimilating pay between army and naval officers. Its meaning is not so comprehensive as to include within its operation a similarity of pay between a naval officer of the line of the navy regularly detailed to certain duty and a professor of the Military Academy appointed by the President and in no wise subject to army detail, although both persons may in fact perform similar duties. (Stevens v. United States, 41 C. Cls., 455.)
A professor at the Military Academy may or may not be an army officer. No authority appears whereby an officer of the army may be detailed for such service, and in this respect at least Congress has not evinced an intention to place army and navy professors upon a similar basis as respects their pay. The office of professor at the Military Academy is not an army office within the military acceptation of that term. It is created by statute, is supplied by appointment, rank with limitations assigned, and although it exclusively „ concerns the military arm of the Government is made a separate and distinct office in order that peculiar fitness and competency for the position may obtain. The case of Crosley v. United States (196 U. S., 327) is not analogous. In the Crosley case the claimant was regularly detailed to perform the services as an aid to a rear-admiral. There was a corresponding office and rank in the army to which officers of *25 the army under regulations could be detailed, and the court very properly assimilated the pay of the corresponding officers. In this case the statute provides for the manner of appointment and pay of a professor of the Military Academy in a way peculiar to the particular office to be supplied and not to the army in general.
The act of June 28, 1902 (32 Stat. L., 409), evidently designed by its limitations to give rank to civilian professors ; to establish and enforce military discipline at the Military Academy, does assign actual rank to the professors. It does not, however, repeal or modify section 1313, Revised Statutes, by bringing the officers therein mentioned within the purview of military law in respect to their appointment. The character of the office itself is not changed by the addition of actual rank in the army.
We are therefore of the opinion that as to these two items the claimant can not recover. In any event a certain portion of the amount claimed for is barred by the statute of limitations. The amounts stated in the findings are the correct amounts, not coming within the statute of limitation.
There is a small item claimed for exercising higher command while commanding the U. S. S. Villalobos (Finding IY). This item is allowable under Thomas v. United States (39 C. Cls., 1).
Judgment will therefore be awarded the claimant in the sum of $38.89.