WeldoN, J.,
delivered the opinion of the court:
The claimant was appointed an assistant surgeon in the Navy with the rank of lieutenant, junior grade, May 18,1901; entered upon duty June 3, 1901; served on shore to September 17, 1901, and at sea from September 18,1901, to October 17, 1901.
This suit is brought to recover a higher rate of pay than the claimant was paid.
On September 5, 1901, he was detached from the naval hospital and ordered to the U. S. S. Yixen, reporting on said vessel September 18, 1901, and continued thereon until October 17, 1901.
While on shore he was paid at the rate of $1,402.50, from June 3, 1901, to September 17, 1901, and while at sea at the rate of $1,650, and from September 18 to October 17, 1901, being the pay of a first lieutenant, not mounted, in his second *188 five years’ service as applicable to a lieutenant, junior grade, in the Navy, appointed from civil life under the act of March 3, 1899, section 13 (30 Stat. L., 1007, pp. 10, 11.)
It is contended by the claimant that he is entitled to pay from June 3, 1901, to September 17, 1901, the difference between $1,402.50 and $1,600 per annum, amounting to the sum of $58.74; and from September 18, 1901, to October 17, 1901, the difference between $1,650 per annum and $1,900 per annum, amounting to the sum of $20.83.
It is further contended if not entitled to be paid at said rate he is entitled to army rates as first lieutenant, mounted, in his second five years’ service from June 3, 1901, to September 17, 1901, the difference between $1,402.50 and $1,496 per annum, amounting to the sum of $27.82, and from Sejffember 18, 1901, to October 17, 1901, the difference between $1,650 and $1,760 per annum, amounting to the sum of $9.16, making as an aggregate $36.98.
It is further insisted, if paid while at sea at the navy paj^ as lieutenant (junior grade) in the first five years of service, he is entitled from September 18, 1901, to October 17, 1901, to the. difference between $1,650 and $1,700, amounting to $4.16.
It is also claimed that, by sections 1575, and 1586, Revised Statutes, all officers while at sea or attached to seagoing-vessels are entitled to one ration per day, or commutation therefor, the price of which is fixed at 30 cents per day; that the claimant, not having received such ration or commutation from September 18, 1901, to October 17, 1901, is entitled to recover the sum of $9.
The statutes applicable to the questions arising in this case are as follows:
I. Act of March 3, 1899 (the navy personnel act), section 13 (31 Stat. L., 1007):
“That after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army.”
*189 II. Act of March 3, 1899, section 13, first proviso (31 Stat. L., 100Í)
“Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty; but this provision shall not apptyto warrant officers commissioned under section twelve of this act.”
III. Act of March 3, 1899, section 13, third proviso (31 Stat. L., 1007):
“ Provided further, * * * and that all officers who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service.”
IV. Act of March 3; 1899, section 13, fourth proviso (31 Stat. L., 1007):
“And¡providedfurther, That no provision of this act shall operate to reduce the present pay of any commissioned officer now in the Navy; and in any case in which the pay of such an officer would otherwise be reduced he shall continue to receive pay according- to existing- law.”
V.. Act of June 7, 1900 (31 Stat. L., 697):
“Section thirteen of the act approved March third, eighteen hundred and ninety-nine, entitled ‘An act to reorganize and increase the efficiency of the personnel of the Navy and Marine Corps of the United States,’ is hereby so amended as to provide that nothing therein contained shall operate to reduce the pay which, but for the passage of said act, would have been received bj' any commissioned officer at the time of its passage or thereafter.”
Yl. Act of June 7, 1900 (31 Stat. L., 697):
“Assistant surgeons shall rank with the assistant surgeons in the Army.”
The facts of this case present for the consideration of the court, briefly stated, the following questions:
Is the claimant entitled to be allowed nav3r pay if higher than the army pay under the fourth proviso of the act of March 3, 1899, as amended by the act of June 7,1900, amending the thirteenth section of the act of March 3, 1899; and if so, is he entitled to five years’ constructive service; and, second, if not entitled to navy pay, is he entitled to mounted pay *190 in the Army; and, third, is he entitled to a sea ration when serving on a seagoing’ vessel?
We shall consider the foregoing questions in the order stated: First, as to the right of the claimant to receive the pay of the Navy when it is higher than the pay which an officer of like rank would receive in the Army. The general purpose of the act of March 3, 1899 (supra), was to establish uniformity in the pay of like rank in the Army and Navy, and that purpose and policj^ is accomplished by the general provisions of said act, subject to certain provisos and exceptions which will be noted. In consequence of the general purpose of establishing a uniform grade of pay between the Army and the Navy, the act of March 3, 1899, has exceptions and provisos, and from those arise the issues in this proceeding.
It is insisted by the claimant that under the amendment of the act of March 3, 1899, by the act of June 7, 1900, that he 'is entitled to recover the higher paj? of the Navy and is not remitted to the lower pay of the Army. As against that contention it is argued by the counsel for the defendants that the act of June 7, 1900, was intended only to amend the act of March 3, 1899, so as to preserve the rights of the officers in the Army at the time of the passage of said act against the consequent diminution of their pay, because without the amendment of the act of June 7, 1900, officers advanced in the grade without the advancement in rank would lose the increase of pay incident to their promotion.
The plaintiff insists that the latter act was intended for the benefit of all officers in the Navy at the. time the act of March 3, 1899, was passed and of all persons who might become officers after the date of said act. It is admitted that the claimant does not come within the provisions of the act of March 3, 1899j inasmuch as he was not an officer in the Navy at the time the act was enacted, but falls within the provisions of the act of June 7, 1900, as that act applies to any commissioned officer.
The proviso to the first of the foregoing acts was intended, as shown bjT its language, to protect officers then in the Navy against a reduction of pay by the operation of that statute; it was found in the practical application of the law that an advance in grade without an advance in rank had the effect *191 to deprive officers of the increase of pay incident to their promotion. For the purpose of preventing that result, Congress enacted the amendment of June 7, 1900, by providing that the act of March 3, 1899, should be so amended that nothing therein contained shall operate to reduce the pay, which, but for the passage of the act of March 3, 1899, would have been received by any commissioned officer at the time of its passage or thereafter.
It is not safe to infer that Congress intended to depart from the policy of confining navy pay in certain cases to officer’s in the Navy at the time the personnel act was passed and by the amendment of the latter act of June 7, 1900, to enlarge the scope of- the first statute so as to permit all officers then in the Navy and all that might become officers in the Navy thereafter the benefit of the increased pay. That officers in the Navy at the time the personnel act was passed should not be reduced in pay was an obvious and just exception; and to have such an exception preserved in all grades is very obvious and just, which thereby prevents the promotion in grade from working a diminution of pay.
To maintain the theory of the claimant our attention is called to the case of De Lima v. Bidwell (182 U. S., 1), in which it is said:
“ While a statute is presumed to speak from the time of its enactment, it embraces all such persons or things as subsequently fall within its scope, and ceases to apply to such as thereafter fall without its scope. Thus, a statute forbidding the sale of liquors to minors applies not only to minors in existence at the time the statute was enacted, but to all who are subsequently born, and ceases to apply to such as thereafter reach their majority.”
The statute cited embraces a class of persons in which there is no distinction or classification, and was intended to apply to a general class, having equal rights of protection; but -in the case at bar the officers of the Navy in rank and pay embrace a great variety of conditions, depending upon their legal status and connection with the naval service.
The plaintiff also relies on the case of Pearson v. United States (37 C. Cls. R., 60), in which it is said:
“In case of doubtful construction it is safe for a court to look into the conditions surrounding the subject-matter, of *192 the litigation at the time the act was passed, but if the words employed are unambiguous and not made doubtful by the subject-matter to which they are applied, courts must give full' effect to the language used.”
The rule of construction or rather the application stated by the Supreme and this court is the law sustained by reason, but does the contention of the claimant come within the application of that rule?
If Congress had intended absolutely to repeal the qualification of being in the Navy, that purpose could have been most easily accomplished by the elimination of the term “now in the Navy;” but instead of the direct repeal of that qualification as to the right of a navy officer, the phraseology of the statute in that particular is'unchanged, except possibly by inference which might arise from the language of the amendment. The act of March 3,1899, certainly confined the benefits of continued pay at the rate theretofore received to officers in^the Navy, and the amendment, without the distinction of a new class, provided that nothing contained in said act should operate to reduce the pay, which but for the passage of said act would have been received by any commissioned officer at the time of the passage or thereafter. The term “thereafter” does not mean persons who thereafter shall become officers in the Navy, but was intended, as the court holds, to-the pay which might accrue thereafter to persons in the Navy under any law in existence at the time the exception was made in favor of persons then in the Navy.
The second contention is that the claimant is entitled to “mounted pay ” corresponding to his rank in the Armj'-, which is that of a first lieutenant. The pay of a first lieutenant is fixed by section 1261 at $1,600 per year when mounted, and $1,500 per year when not mounted. The claimant’s pajr was computed on the basis of $1,500 per year plus 10 per cent, by reason of his five years’ credit for constructive service, less 15 per cent while on shore duty. Section 1168, Revised Statutes, provides that—
“The medical department of the Army shall consist of one surgeon-general, with rank of brigadier-general, one hundred and fifty assistant surgeons, with rank of lieutenant of cavaliy for the first three years of service and the rank of captain of cavalry after three years’ service.”
*193 The service as lieutenant is changed to five years by the act of June 23, 1814 (1 Supp. R. S., 45), and the number is increased by the act of February 2, 1901 (sec. 18, 31 Stat.- L., 752), to 240.
The personnel act of March 3, 1899, provides—
“That after June 30,1899, commissioned officers of the line of the Navy and of the medical and pay corps shall receive the same pay and allowances, except forag’e, as are or may be provided by or in pursuance of law for the corresponding-rank in the Army.”
This statute, read in connection with section 1168 of the Revised Statutes, which provides “that assistant surgeons shall rank with a lieutenant of cavalry for the first three years of service and with the rank of captain of cavalry after three 3rears of service,” fixes the rank and pay of the claimant in this case.
It is provided in the act of March 3,1899, that the commissioned officers of the Navy shall receive the same pay and allowances, except forage, of an officer of the corresponding-rank in the Army. The only exception in the act of 1899 against the officer in the Navy is that he shall not receive forage, it being in contemplation of Congress that the navy officer was not necessarily a mounted officer, and, therefore, an exception is made against him in the allowance of forage.
Section 1261 of the Revised Statutes provides that the officers of the Army “shall be entitled to the pay therein stated after their respective designations.” In those designations we find first and second lieutenants “mounted” and “not mounted,” thereby recognizing a condition applicable to officers of that class dependent upon whether they belong to the cavali-y or the infantry service. A lieutenant in the cavalry is presumed to be mounted, a lieutenant in the infantry is presumed not to be mounted, and the classification of “mounted” and unmounted pay was intended in a general way to mark a distinction between the pay of an officer engaged in the cavalry and an officer engaged in the infantry service. The “mounted pay” was not an allowance, but a part of the officer’s pay proper, and the purposes of the personnel act of March 3, 1899, was to fix an equality of pay proper between the officers *194 of the Navy and the Army corresponding in rank, where such pay is not qualified or changed, in the rate of pay of an officer in the Army.
The disallowance of forage was a discrimination against the officer of like grade or rank in the Navy, because the necessity of forage did not exist, and, therefore, the right is not incident to the officer serving in the Navy, but in all other particulars his pay was left equal to the officer of like rank in the Army. The pay of the rank is taken as the basis of the pay of the claimant, and is not based upon the theory that he majr be mounted, but upon the basis that mounted pay is designated as the measure of his compensation.
The question as to whether the claimant is entitled to a ration or commutation for the same while serving on a seagoing vessel is decided in the case of Charles M. Thomas (ante, p. 113) adversely to such claim, and upon the authority of that decision that claim is disallowed. Upon the whole case the court decides that the claimant is entitled to be paid at the rate of mounted pay the sum of $36.98, as shown in the findings, and for the further sum of $4.16, as shown in finding v, making in the aggregatethe sum, $41.14, for which a judgment is given.