## UNITED STATES *v.* FARENHOLT.

### APPEAL FROM THE COURT OF CLAIMS.

No. 277. Argued April 25, 1907.—Decided May 13, 1907.

A court is not always confined to the written words of a statute; construction is to be exercised as well as interpretation and a statute will not be construed as giving higher pay to the inferior officer. Under the Navy Personnel Act of March 3, 1898; 30 Stat. 1007, and § 1466, Rev. Stat., passed assistant surgeons of the navy, as well as assistant surgeons, rank with captains in the army and are entitled to the pay of a captain mounted.

41 C. Cl. 577, affirmed.

THE facts are stated in the opinion.

*Mr. John Q. Thompson,* Special Attorney, with whom *Mr. Assistant Attorney General Van Orsdel* was on the brief, for appellant.

*Mr. George A. King,* with whom *Mr. William B. King* was on the brief, for appellee.

MR. JUSTICE McKENNA delivered the opinion of the court.·

The appellee filed a petition in the Court of Claims to recover from the United States the sum of $282.66 for the difference, he alleged, he was entitled to as a passed assistant surgeon in the Navy, with the rank of lieutenant, for mounted pay from December 26, 1900 to July 27, 1901, with ten per cent. increase for·service outside of the limits of the United States. He was given judgment for $141.33. The ten per cent. increase was not allowed.

A statement of the case is well expressed in ·the findings and conclusion of the court, as follows:

"The claimant, Ammen Farenholt, entered the naval service as an assistant surgeon May 29, 1894, and was promoted to the ·grade of passed assistant surgeon May 29, 1897. He attained the rank of lieutenant on December 26, 1900, and was a passed assistant surgeon in the Navy with the rank of lieutenant during all of the time covered by this petition.

"From December· 26, 1900 to April 12, 1901, he was on sea duty attached to the U. S. S. 'Concord.'· From April 12, 1901 to July 27, 1901, he was on sea duty attached to the U. S. S.· 'Oregon.'

"The claimant has already received pay at mounted rates for the periods before December 26, 1900, and after July 27, 1901, under the decisions of the Court of Claims in *Richardson* v. *United States,* 38 C. Cl. 182, as applied by the Comptroller of the Treasury in *Brownell's Case,* 9 Comp. Dec. 676, but the Treasury Department declines to allow him mounted pay between these dates only because it considers that it is deprived of jurisdiction over the claim therefor by reason of a prior allowance and settlement of pay for the same period.

"If entitled to army pay at mounted rates for this period the amount due would be as follows:

Pay of a lieutenant of the Navy, which corresponds in rank with a captain in the Army, mounted, from December 26, 1900, to July 27, 1901, with in-

creased pay for length of service, 7 months and 2
days, at $2,400.00 per annum.................... $1,413.33
Less amount received for same period, at $2,160.00
per annum..................................... 1,272.00
                                               ─────────
        Difference............................... $141.33

"Before the date of the decision of this court in the case of
Richardson v. United States, 38 C. Cl. 182, January 5, 1903,
assistant surgeons in the Navy received only the pay of an
officer of corresponding rank in the Army 'not mounted.' By
that decision it was held that they are entitled to the pay of
such an officer 'mounted.' This decision was not appealed
from and has been accepted as the proper interpretation of the
law. It has been applied by ruling of the Comptroller of the
Treasury to passed assistant surgeons.

"All officers of the Medical Corps in grades for which there
is in the Army pay table a distinction between 'mounted' and
'not mounted' pay, have ever since been paid at mounted rates
of pay for their service from the date the personnel act took
effect, July 1, 1899, to the present time.

### Conclusion of Law.

"Upon the foregoing findings of fact, the court decides as a
conclusion of law, on the authority of Richardson v. United
States, 38 C. Cl. 182, that the claimant is entitled to recover
against the United States the sum one hundred and forty-one
dollars and thirty-three cents ($141.33).

"By a majority of the court."

Section 13 of the act of March 3, 1898, 30 Stat. 1007, called
the Navy Personnel Act, provides "that after June 30, 1899,
commissioned officers of the line of the Navy and of the Medical
and Pay Corps shall receive the same pay and allowance, except
forage, as are or may be provided by or in pursuance of law for
the officers of corresponding rank in the Army."

Section 1466, Revised Statutes, assimilates in rank lieuten-
ants in the Navy with captains in the Army. And Section 1261

fixes the pay of a captain mounted at $2,000 a year and a captain not mounted at $1,800 a year. Section 1262 gives ten per cent. increase for each term of five years' service.

The appellee is a lieutenant in the Navy; he ranks with a captain in the Army, but the question is, Of which class, mounted or not mounted?

The Government contends, with captains not mounted. Its argument is that the extra pay that mounted officers receive is not compensation, but reimbursement for expenses incurred, and to give it to a naval officer who does not bear such expenses would produce the inequality that the Navy Personnel Act was passed to prevent. *United States* v. *Crosley,* 196 U. S. 332. Counsel, however, concedes that *Richardson* v. *United States,* 38 C. Cl. 182, was correctly decided, and that the rule has been extended by the Comptroller of the Treasury to passed assistant surgeons, but attacks the practice of the Comptroller and rejects the application of the *Richardson case* upon the distinction between an *assistant* surgeon, which Richardson was, and a passed assistant surgeon, which appellee is.

The act of June 7, 1900, 31 Stat. 697, provides that "the active list of surgeons shall hereafter consist of fifty-five and that all passed assistant and assistant surgeons of one hundred and ten. *Assistant* surgeons shall rank with assistant surgeons in the Army." Commenting on this statute the Government says: "Assistant surgeons in the Army being mounted the court very justly granted mounted pay to Richardson, who ranked with assistant surgeons in the Army." In other words, the Government contends it was the purpose of Congress to give the inferior officer the better pay. The Assistant Attorney General ventures on no explanation of this anomaly, but insists upon the written word. A court is not always confined to the written word. Construction sometimes is to be exercised as well as interpretation. And "construction is the drawing of conclusions respecting subjects that lie beyond the direct expression of the text from elements known from and given in the text—conclusions which are in the spirit, though not within

the letter of the text." Lieber, 56. The application of this rule is clear. Consideration of the provisions relative to the rank and pay of officers of the Army and Navy make it evident that Congress used the words "assistant surgeon" as descriptive of the whole class of assistant surgeons, passed as well as those not passed.

*Jugdment affirmed.*

Mr. Justice Moody took no part in the decision of this case.