# UNITED STATES *v.* MILLER.

### APPEAL FROM THE COURT OF CLAIMS.

No. 90. Submitted December 16, 1907.—Decided January 6, 1908.

Under §§ 1098 and 1261, Rev. Stat., and the opening clause of the Navy Personnel Act of March 13, 1899, 30 Stat. 1004, a naval officer assigned to duty on the personal staff of an admiral as flag lieutenant, without any other designation, is an aid to such admiral and entitled to the additional pay of $200 allowed to an aid of a major general in the Army.

41 C. Cl. 400, affirmed on this point.

Under § 1262 and the act of June 30, 1882, 22 Stat. 118, an aid to an admiral
  is not entitled to have his longevity pay calculated upon the additional
  pay which he receives as aid, that being under § 1261, Rev. Stat., an
  allowance in addition to, and not a part of, the pay of his rank.
41 C. Cl. 400, reversed on this point.

THE facts, which involve the construction of §§ 1098 and ·
1261 of the Revised Statutes, and the opening clause of the
Navy Personnel Act of March 13, 1899, are stated in the
opinion.

*Mr. Assistant Attorney General Van Orsdel* and *Mr. John
Q. Thompson,* Special Attorney, for appellant.

*Mr. George A. King* and *Mr. William. B. King,* for appellee.

. MR. JUSTICE DAY delivered the opinion of the court.

This case is an action in the Court of Claims brought by
William G. Miller, a lieutenant in the Navy, and who served
as flag lieutenant on the personal staff of Rear Admiral Kautz
from July 1, 1899, to March 2, 1900, for which period he claims
that he is entitled to recover pay at the additional rate of $200
a year, as an aid to the rear admiral, and, secondly, an addi-
tional sum for longevity increase, based upon this additional
allowance. The facts were found by the Court of Claims and
judgment rendered in favor of the claimant upon both branches
of his claim. 41 C. Cl. 400. From this judgment the United
States appeals.

It is the contention of counsel for the appellee, claimant
below, that this case is ruled by the decision of this court in
*United States* v. *Crosley,* 196 U. S. 327, upon both branches.

. From the findings of fact it appears that the claimant was
a lieutenant in the Navy from July 1, 1899, to March 2, 1900,
of more than fifteen years' service. On October 15, 1898, he
reported, by order of the Secretary of the Navy, to Rear
Admiral Kautz, commander-in-chief of the Pacific Division.

VOL. CCVIII—3

for such duty as might be assigned him on the flagship. On that day he was assigned to duty on the personal staff of the commander-in-chief as flag lieutenant, where he continued to serve until March 2, 1900. During that time the personal staff of Rear Admiral Kautz consisted of two officers, one, the claimant, Miller, designated as flag lieutenant, and the other flag secretary or clerk.

In the findings of fact the duties of the officers constituting the personal staff are set forth in a letter from the Secretary of the Navy, which we shall have occasion to notice later.

The claim for additional pay, as aid to Rear Admiral Kautz, was predicated upon §§ 1098 and 1261 of the Revised Statutes, providing aids to major generals, and fixing an allowance of $200 a year in addition to the pay of the rank of such aid, and the opening clause of the Navy Personnel Act of March 13, 1899, c. 413, 30 Stat. 1004, giving to commissioned officers of the line of the Navy and of the Medical and Pay Corps the same pay and allowances, except forage, as are or may be provided for officers of corresponding rank in the Army. These sections of the statutes were considered in *United States* v. *Crosley, supra,* and it was held that the allowance of extra pay was due to the aid of the rear admiral, corresponding to the extra pay allowed to the aid of the major general in the Army. The difference in this respect between the *Crosley case* and the one now under consideration is, that the claimant in that case was designated as an aid, while in the present case the claimant was assigned to duty on the personal staff of the commander-in-chief as flag lieutenant, it is therefore claimed that he is not entitled to the extra compensation due only to an aid to the rear admiral. This argument is predicated on §§ 343, 344 and 345 of the Regulations for the Government of the Navy, 1896, which are as follows:

"SEC. 343. The chief of staff, flag lieutenant, clerk, and aids shall constitute the personal staff of a flag officer.

"SEC. 344. (1) A flag officer, when ordered to a command afloat, may, at his discretion, nominate to the Secretary of the

Navy a line officer not above the rank of lieutenant to serve on his staff as flag lieutenant, and a line officer not above the rank of lieutenant, junior grade, to serve as clerk.

"(2) The flag lieutenant, in addition to his other duties, shall be the fleet signal officer.

"Sec. 345. (1) A flag officer may select any officer of his command to serve as flag lieutenant or clerk, provided his grade accords with the rules laid down in article 344.

"(2) He may also, when necessary, select other line officers junior to the flag lieutenant, to serve on his personal staff as aid , but shall not assign naval cadets to such duty." (Regulations for the Government of the Navy of the United States, 1896–1897.)

It is the contention of the counsel for the Government that this language clearly indicates that a flag lieutenant on the staff of a rear admiral, designated in paragraph 1, § 345, is to be distinguished from aids junior to the flag lieutenant designated in paragraph 2 of the section. But we think it would be giving a too narrow interpretation of the purpose of Congress to give naval officers the same pay as officers of corresponding rank in the Army to construe this regulation to deny such pay to a flag lieutenant because he may not have been technically designated as an aid. And taking the regulation literally, it does not necessarily follow that because the rear admiral may select a junior to the flag lieutenant to serve on his personal staff as aid, that the one designated as flag lieutenant or clerk might not also be regarded as an aid. Be this as it may, we think the statute should be construed so as to effect the purpose of Congress, and that a determination of who are aids should be arrived at by a consideration of the nature and character of the duties of the officers constituting the personal staff of a flag officer. Referring to the letter of the Secretary of the Navy, embodied in the finding of facts we find:

"As in the case of a general officer of the Army, these officers, including the flag lieutenant, are, in every acceptation of the

word, aids for assisting the commander-in-chief in the performance of his duties... The number of officers thus assigned is limited only by the actual necessities of the case. In very large fleets, where the staff work is especially heavy, two or three so-called aids may be necessary in addition to the flag lieutenant and the secretary. They are all, from flag lieutenant to the lowest aid in point of rank, aids in every sense of the term to the flag officer. The senior aid of the flag officer is, in ninety-nine cases out of a hundred, chosen by the flag officer personally as a flag lieutenant. The term 'flag lieutenant' in itself by no means indicates all the duties which the officer so appointed performs. Different flag officers distribute their duties among the members of the personal staff in different ways. Some have charge of one thing, or set of things, another has charge of other things; but, from time immemorial, in other naval services as well as our own, it has been customary to term the senior aid of the flag officer the 'flag lieutenant' because, from time immemorial also, that aid has been placed in charge, as one of his duties only, of the signal work of the fleet or squadron in which he may happen to be serving.

＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊

"It will be seen from this that the flag lieutenant is in every respect the aid, peculiarly, of the flag officer, and his duties, in comparison with those of an aid to a general officer, more nearly conform to those performed by a military aid than do those of any other officer on the personal staff of a flag officer."

In view of the character of the duties thus required of a flag lieutenant, who is to all intents an aid to the rear admiral, we are of opinion that the Court of Claims did not err in its decision on this branch of the case, that the claimant was entitled to the increased pay awarded to the aid of a major general, at the rate of $200 a year.

As to the contention that longevity pay should be computed on the whole amount of the claimant's pay, including this allowance as aid, we think the Court of Claims was in error. Indeed, there is a strong indication in the opinion of the learned

judge delivering the opinion in that court that this allowance would not have been made but for the supposed ruling in *United States* v. *Crosley, supra.* It is true that in Crosley's case the longevity pay, as computed, was based upon the $200 additional allowance on account of services as aid, but the correctness of this method of computation was not disputed. Two questions were made in that case, first as to the right of the claimant to the extra $200 allowed to the aid of a major general in the Army; second, as to whether he was entitled to "mounted pay" allowance to major generals' aids. Upon well-settled principles the case could not be authority for a point neither made nor discussed nor directly decided and only incidentally involved therein.

Considering the question as one of first impression, we think the statute makes it perfectly plain that longevity pay is not to be based upon the increased allowance to an aid. The Revised Statutes, § 1262, provides:

"There shall be allowed and paid to each commissioned officer below the rank of brigadier general, including chaplains and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years of service."

In the case of *United States* v. *Tyler,* 105 U. S. 244, this court held that current yearly pay upon which longevity increase was to be computed should include previous longevity increases, and in *United States* v. *Mills,* 197 U. S. 223, it was held that the ten per cent increase upon "pay proper" of the compensation of officers serving beyond the continental limits should be computed upon the total amount which the officer was entitled to receive at the time of such service, both for longevity pay and the pay provided by § 1261 of the Revised Statutes. But we have to deal in this case with the statute of June 30, 1882, c, 254, 22 Stat. 117, 118, which provides:

"That from and after the first day of July, eighteen hundred and eighty-two, the ten per centum increase for length of service allowed to certain officers by section twelve hundred

and sixty-two of the Revised Statutes shall be computed on the yearly pay of the grade fixed by sections twelve hundred and sixty-one and twelve hundred and seventy-four of the Revised Statutes."

This statute was doubtless passed to prevent the computation of longevity pay by compounding previous pay for that purpose, which had the effect to give the increase on the pay of the grade, and also on the previous longevity increase. This amendatory act distinctly limits the computation of increase pay for length of service to yearly pay of the grade or rank of the officer entitled thereto. The allowance of $200 a year under § 1261, Rev. Stat., in "addition to the pay of his rank," is manifestly not the yearly pay of the grade. The purpose of the additional allowance is to compensate the officer during the time he is designated for a special service as aid. His longevity pay is to be computed on the yearly pay affixed by law to the grade or rank to which the officer belongs.

The judgment of the Court of Claims, based upon computation of longevity pay upon the additional allowance for pay as aid, cannot be sustained, in view of the statutory provision, and to that extent the judgment of the Court of Claims must be modified, and, as so modified,

*Affirmed.*