Atkinson, J.,
delivered the opinion of the court:
The claimant files a motion herein to set aside the former judgment of the court in this case, averring that the decision is inconsistent with the decision in Richardson's case (38 C. Cls., 182) and that it is not in conformity with the decisions of the Supreme Court in the cases of the United States v. Crosley (196 U. S. R., 327), United States v. Farenholt (206 U. S. R., 226), and United States v. Miller (208 U. S. R., —); the two latter cases having been decided by the Supreme Court since the rendition of the judgment of the court in the case at bar.
We do not deem it necessary to discuss the Richardson case, supra, because the views of the court thereon are fully set forth in the opinion on the first trial of this case (41 C. Cls., R., 455). In that case the court decided that assistant surgeons in the navy (under an express provision of the statute declaring that “assistant surgeons in the navy shall rank with assistant surgeons in the army ”), like army surgeons, were entitled to mounted pay.
*486 The contention of counsel for the United States in Crosley’s case, supra, was substantially that while the pay of naval officers was made to correspond with the pay of army officers of like rank, the naval officer assigned to duty as aid should not receive the $200 additional pay, as it was not pay on account of rank but on account of service. That view was overruled by this court, however, and upon appeal the Supreme Court declared that it was too narrow a construction of the act of the Congress in view of its intent and purpose, and said:
“ The sum of $200 is allowed to an aid to a major-general in addition to- the regular pay of his rank. It is allowed as fayment for the additional service imposed. Bearing in mind the purpose of the act to give the same compensation to corresponding officers of the army and navy, and that it is expressly provided that officers of the navy shall receive the same pay and allowances, except for forage, as are or may be provided by law for officers of the army of corresponding rank, we think it does no violence to, but rather carries out, the purpose of Congress to construe this section so as to give an aid of a rear-admiral, in addition to the regular pay of his rank, pay similar to that allowed an aid to a major-general.”
In no respect, as we see it, does the above decision conflict with the former opinion of this court in the case before us.
It is vigorously urged by claimant’s able counsel that the decision of the Supreme Court in Farenholt’s case, supra, is controlling in this case. We can not agree with him in such contention. Farenholt was a passed assistant surgeon in the Navy, which is an intermediate grade between assistant surgeon and surgeon, who brought a suit in this court for mounted pay, based upon the authority of Richardson’s case, supra, and judgment was resolved in his favor. An appeal therefrom was taken to the Supreme Court. Counsel for the United States conceded the correctness of the judgment in the Richardson case, but attacked the right of-the Treasury Department to extend the rule of including passed assistant surgeons, and showing the distinction between an “assistant surgeon,” which position Eichardson held, and “ passed assistant surgeon,” which office Faren-holt held. The Supreme Court overruled the contention, *487 saying that “ Consideration of the provisions relative to the rank and pay of officers of the army and navy make it evident that Congress used the words ‘ assistant surgeon ’ as descriptive of the whole class of assistant surgeons, passed as well as those not passed.”
In the case of the United States v. Miller (208 U. S. R., 32), upon which claimant’s counsel in the case at bar mainly relies for a reversal of the former decision of the court, Miller served as a flag lieutenant on the personal staff of a rear-admiral from July 1,1899, to March 2, 1900, for which he was awarded pay at the additional rate of $200 a year as an aid. A rear-admiral was entitled under the navy personnel act to three aids on his personal staff, who should receive $200 extra compensation per year. The rear-admiral’s staff during the period covered by the claim actually consisted of two officers, one the claimant Miller, designated as flag lieutenant, and the other a flag secretary or clerk. His claim for additional pay was predicated upon section 1098 of the Iievised Statutes, which provides that a major-general shall have three aids, and section 1261 grants $200 extra pay per year to each of them in addition to the pay of their respective ranks.
In that case the contention of the United States was that the language of sections 343, 344, and 345 of the Navy Begu-lations of 1896 indicated that a flag lieutenant on the staff of a rear-admiral designated in paragraph 1 of section 345 was to be distinguished from aids junior to the flag lieutenant designated in paragraph 2 of the same section. The findings in the case showed that flag lieutenants were “ aids in every sense of the term to the flag-officer,” and that “ his duties in comparison with those of an aid to a general officer more nearly conformed to those performed by a military aid than do those of any other officer on the personal staff of the flag-officer.”
Accordingly the Supreme Court held that an officer assigned to duty on the personal staff of a rear-admiral as flag lieutenant was to all intents an aid to the rear-admiral and was entitled to the extra pay allowed to an army aid, *488 irrespective of whether he was technically known or explicitly designated as an aid, and said:
“We think the statute should be construed so as to effect the purpose of Congress, and that a determination of who are aids should be arrived at by a consideration of the nature and character of the duties of the officers constituting the personal staff of a flag-officer.”
In other words, the Miller case merely decided that the term “ aid ” was descriptive of the whole class of aids and was broad enough at least for the purpose of extra pay to include officers who acted as such, whether they were explicitly assigned or were merely designated for such duty. The basis of the decisions in both the Farenholt and Miller cases, however, was that the extra pay was “ allowed as payment for additional service imposed.” And in thus deciding we can not admit that the court intended to hold that officers of the Pay Corps of the Navy are entitled to mounted pay for any additional service imposed upon them.
The question of mounted pay was not involved in the case of Miller. In the case of Orosley the contention was made that naval aids were entitled to mounted pay whether required to be mounted or not, under army regulation allowing the higher pay to military aids, and further, that the language of said regulation — “ pay as mounted officers ” — was used rather with a view of fixing the amount to be paid than to characterize the service required. In that case the sole right to mounted pay depended upon the army regulations pertaining to aids to major-generals. That regulation could not create a rate of pay, but it properly operated to place an officer in the class entitled to mounted pay when he should be detailed, as an aid, to duty upon which he might be required to be mounted.
The Supreme Court decided that the solution of the question depended upon whether such pay is given to an officer whose duty requires him to be subject to mounted pay or whether it is a term used to designate the pay of aids whether they are required to render mounted service or not, and said:
“ Obviously, the duties of an aid to a rear-admiral are not such as to require him to render mounted service, and as the *489 navy personnel act only undertakes to afford a measure of compensation for duties which can properly be required of a naval officer it can have no operation to provide pay for services peculiar to the army.”
This reasoning may be properly applied to the case at bar so far as the same covers the time spent by the claimant in the ranks of ensign and lieutenant, junior grade. While in the rank of lieutenant his right to mounted pay is made to depend, not on any army or naval regulation, but on the statutes prescribing his corresponding rank in the army and fixing the pay of that rank.
Under section 1466 of the Revised Statutes, lieutenants in the navy rank with captains in the army, lieutenants (junior grade) with first lieutenants, and ensigns with second lieutenants. The lowest grade or rank in the pay corps of the army is that of captain, who is given by law the rank of “captain, mounted” (2 Suppl. R. S., sec. 21, p. 1472). There is not, and never has been, any rank in the pay corps of the army below that of captain. The pay of a captain in the pay corps of the army is therefore fixed by section 1261 of the, Revised Statutes at the mounted rate of that rank.
Section 13 of the act of March 3, 1899 (30 Stat. L., 1007), provides that officers of the pay corps of the navy shall receive the same pay provided by or in pursuance of law for the officers of corresponding rank in the army.
As was stated in our former opinion in this case, we know no provision of law whereby paymasters in the navy should rank with paymasters in the army, yet we do find a direct correspondence under these laws between the paymaster with the rank of lieutenant in the navy and the paymaster with the rank of “ captain, mounted ” in the army.
In reaching this view no violence is done the rules and general principles upon which these personnel cases have been decided; but, on the contrary, it is in direct conformity to the view of the Supreme Court and this court so often expressed, that correspondence in rank is the basis of army pay to an officer of the navy under the navy personnel act.
Being unable to find any correspondence between any officer in the pay corps of the army and an assistant paymaster in the rank of ensign or lieutenant, junior grade, in *490 the navy, it follows that the latter can have no more than the normal pay of his grade as fixed by the act of 1899 and section 1261 of the Eevised Statutes, viz, infantry pay.
In accordance with the views herein expressed, claimant’s motion is overruled in so far as it pertains to claimant’s service in the rank of ensign and lieutenant, junior grade, and allowed in so far as it pertains to his service in the rank of lieutenant, and judgment is entered for $79.44 accordingly.