Baenby, Judge,
delivered the opinion of the court.
This is a claim for additional pay of a lieutenant in the Navy on account of service as aid to a rear admiral. The claim is based upon the following provision of the act of May 13, 1908, 35 Stat. L., 128:
“Aids to rear admirals embraced in the nine lower numbers of that grade shall each receive $150 additional per annum, and aids to all other rear admirals, $200 additional per annum each * * *.”
The history of such service performed by the claimant is as follows: October 19, 1910, he was ordered by the then Acting Secretary to proceed to Pensacola, Fla., and on November 1,1910, to “ report to the commandant of the navy yard at that place for such duty as he may assign you at the station under his command.” He reported in obedience to said order and on November 1, 1910, was assigned to duty by said commandant “as aid to the commandant, captain of the yard, and also as engineer officer of the yard.” He remained on duty at said navy yard pursuant to said orders until October 20, 1911, when he was detached therefrom.
During the whole period of such service at the Pensacola Navy Yard the commandant of the same was a rear admiral *572 of the lower nine. It also appears that during such service the claimant, in addition to other duties, performed duties usually pertaining to an aid to rear admirals in the Navy and general officers in the Army.
The position of aid to the commanding officer of a naval station is provided by section 1469 of the Revised Statutes as follows:
“ The Secretary of the Navy may, in his discretion, detail a line officer to act as the aid or executive of the commanding officer of a vessel of war or naval station, which officer shall, when not impracticable, be next in rank to said commanding officer. Such aid or executive shall, while executing the orders of the commanding officer on board the vessel or at the station, take precedence over all officers attached to the vessel or station. All orders of such aid or executive shall be regarded as proceeding from the commanding officer, and the aid or executive shall have no independent authority inconsequence of such detail.”
In relation to the above statute the Navy Regulations provide :
“ Art. 1567. (1) There shall be detailed at each navy yard or station as aid or executive to the commandant a line officer not restricted by law to the performance of engineering duties, which officer shall, when not impracticable, be next in rank to the commandant. Such aid or executive shall, while executing the orders of the commandant, take precedence over all officers attached to the yard or station. All orders of such aid or executive shall be regarded as proceeding from the commandant, and the aid or executive shall have no independent authority in consequence of such detail.”
Then follows article 1568, containing several paragraphs defining the duties of such aid or executive, all. of which pertain to the conduct of the yard and are in no way personal to the commandant. Conceding, then, that the claimant during the time in question performed some duties usually pertaining to an aid, the question arises whether he was appointed to such service pursuant to law and is entitled to the extra pay provided therefor.
Section 1469 provides that the “Secretary of the Navy may, in his discretion, detail a line officer to act as the aid or executive of the commanding officer of a vessel or naval *573 station * * Article 1567 of the Navy Regulations provides that “there shall be detailed at each navy yard or station, as aid or executive officer to the commandant, a line officer * * Construing this statute and the Navy Regulation together, it would appear that the Secretary of the Navy (under whose direction the Navy Regulations presumably are prepared) had exercised his discretion so as to provide for an aid or executive officer to the commandant at each naval station. If the commandant at the navy yard happens to be a rear admiral, such aid will be entitled to the additional pay provided by the act of May 13, 1908, supra, and if the commandant happens to be an officer of inferior rank he will not be entitled to such additional pay. This construction may make the statutes and regulation in question somewhat incongruous, and yet there may be naval stations of such importance as to demand an officer of the highest rank as commandant, and who would require the services of an aid who would be called upon to discharge duties of a personal character in addition to the executive duties provided by regulation 1568. A like incongruity appears in regard to aids for rear admirals while afloat. A rear admiral in command of a squadron is entitled to an aid who would receive the extra pay provided by the act of May 13, 1908, while a captain exercising the same command would not be so entitled.
It is urged by the defendants that the claimant was never lawfully detailed to serve as aid to Rear Admiral Young, for the reason that section 1469, Revised Statutes, provides that the detail of aids must be made by the Secretary of the Navy, while in the case of the claimant he was detailed to such service by Rear Admiral Young, the commandant of the navy yard, the Secretary of the Navy having only detailed him to “ report to the commandant of the navy yard * * * for such duty as he may assign you * * We turn, however, to article 1567 and find that the Navy Regulations provide that “there shall be detailed at each navy yard or station as aid or executive officer to the commandant, a line officer,” etc. This would seem to imply that the Secretary of the Nhvy had authorized the commandant *574 at each navy yard to make such, selection, after the assignment to him of an officer of proper rank for that station.
In the case of Miller v. United States, 208 U. S., 32, affirming this court in the same case in 41 Court of Claims, 400, the order assigning Miller to service with Commodore Kautz was in the same language as the detail by the Secretary of the Navy in this case, and he was afterwards detailed as aid by Commodore (afterwards Rear Admiral) Kautz. The question of the sufficiency of such detail as aid was not raised, and such sufficiency was assumed.
It is also contended by the defendants that the aids to commanding officers of vessels of war and navy yards, authorized by section 1469, Revised Statutes, are not aids to rear admirals within the meaning of the act of May 13, 1908, and an ingenious argument is made to show this. We fully appreciate this lack of harmony in the statutes and Navy Regulations as to aids to rear admirals, but where the language of the statute is so plain and unambiguous as in this case we do not feel authorized to go beyond it for construction.
It follows from the foregoing that the claimant is entitled to a judgment in the sum of $167.24, and it is so ordered.