*494
 
 Mr. Justice BRADLEY
 

 delivered the opinion of the court.
 

 We
 
 are clearly of opinion that the claimant, in this case, was uot within the intent and meaning of the eighteenth section of the act of July 28t.h, 1866.
 

 The Court of Claims finds, it is true, that he held the position of superintendent of the public garden of the Agricultural Department during the period for which the claim is made. But it is well known that the botanical garden near the Capitol has been regarded as a public garden for many years, and long before the experimental garden of the Agricultural Department was established; and that it was managed by a superintendent and assistant superintendents. It is equally well known that this garden has for a long period, if not always, been under the immediate direction and control of the Joint Library Committee of Congress. The public statutes contain a long series of appropriations for both garden and superintendents. Thus, in the appropriation bill of July 2d, 1864, for the year ending June 30th, 1865,
 
 *
 
 the following appropriation was made :
 

 “ Botanic Garden.
 
 — For grading, draining, procuring manure, tools, fuel, and repairs, purchasing trees and shrubs, under the direction of the Library Committee of Congress, §3300.
 

 “ For pay of superintendent of Botanic Garden, and assistants in the Botanic Garden and green-houses, to be expended under the direction of the Library Committee of Congress, §6145.80.”
 

 A similar provision is made in the appropriation bill for the year ending June 30th, 1866, adding $2500 to be expended under direction of the Joint Committee of the Library, for erecting four green-houses.
 
 †
 
 The like appropriation for salaries was made in the appropriation bill for the year ending June 30th, 1867.
 
 ‡
 
 Then comes the act in question, increasing the salaries 20 per cent., to commence with that Congress, to wit, March 4th, 1865. The act increases the salaries of “ the three superintendents of the public gardens.” Now, in the next appropriation bill, for the year ending June 30th, 1868, not only is the ordinary appropria
 
 *495
 
 tion made for the “botanic garden under direction of the Library Committee of Congress, $3300;” and, “for pay of
 
 superintendent and assistants,
 
 a'nd assistants in the botanic garden and green-house, under direction of the Library Committee of Congress, $6145.80;” but a continuation of the 20 per centum is added, thus: “ for 20 per centum additional on the pay of the above, $1229.16.” The designation, “ superintendent and assistants,” implies at least three in number. No such appropriation is found in reference to the experimental garden attached do the Department of Agriculture. Whilst the botanic garden, under the direction of the Joint Library Committee of Congress, with its superintendent and assistants
 
 eo nomine,
 
 have thus been the subject of appropriations for a long period, the experimental garden, established by the Department of Agriculture, was comparatively recent, and regarded as an appendage of that department, and the appropriations therefor had been made under the general head of appropriations for the said department, and no appropriation for any superintendent thereof,
 
 eo nomine,
 
 had ever been made up to the time of the passage of the act of July 28th, 1866. The appropriation had been for the “ experimental garden,” and for the salary of the foreman and laborers.
 
 *
 

 From this legislative history it is apparent that the botanic garden near the Capitol was regarded as a public garden; that it had a superintendent and assistant superintendents; that appropriations had for years been made for their salaries as superintendent and assistants by name; and that they were employed, and the garden was managed, under the immediate direction of the Joint Library Committee of the two Houses of Congress. They were, in fact, employes of this committee.
 

 Now, it seems to us that the eighteenth section of the act of July 28th, 1866, which provides for the addition of the 20 per centum now claimed by the appellee, had reference only to persons employed under the direction of the two Houses
 
 *496
 
 of Congress, or their committees, and not to those of any of the executive departments. The section itself is its own best interpreter. In view of the long supervision over the botanic garden by the Library Committee, and of the previous legislation referred to, language could hardly be plainer than that which it contains.
 

 But there is additional evidence that this increase of salary was intended to be confined to persons employed under the immediate direction of the two Houses of Congress and their committees, in the fact, that by a joint resolution of February 28th, 1867,
 
 *
 
 20 per cent, was added to the salaries of all employes of the several executive departments, including the Department of Agriculture, for one year from and after the 30th of June, 1866; and the claimant actually received such addition accordingly. It is not reasonable to suppose that Congress intended to single out this particular employé from all the government employés as alone entitled to a double addition of 20 per cent, to his compensation, which he certainly would receive for the year named, if his construction of the act of July 28th, 1866, is the correct one.
 

 Judgment reversed, and the cause remanded with directions to
 

 Dismiss the petition.
 

 *
 

 13 Stat. at Large, 349.
 

 †
 

 14 Stat. at Large, 21.
 

 ‡
 

 Ib. 193.
 

 *
 

 See the acts, 13 Stat. at Large, 155; 14 Id. 202.
 

 *
 

 14 Stat. at Large, 569.