Weldon, J.,
delivered the opinion of the court:
The claimant alleges that on the 3d day of March, 1883, he was, as he had been, captain of tbe Capitol police; that his pay was by law at said time at the rate of $1,600 a year; that on the said date an act was passed making appropriations for sundry civil expenses, providing that “the officers and employees of the Senate and House of Representatives borne on the annual session rolls on the 3d of March, 1883, should be paid <ong month’s extra pay,” and that on said day he was borne on the annual session rolls of the Senate and House of Representatives as an employé thereof. This suit is brought to recover the sum of $133.33, the payment having been refused.
The portion of the statute referred to in the petition is as follows:
“That the following sums be, and the same are hereby, appropriated, # * * to enable the Acting Secretary of the Senate and Clerk of the House to pay the officers and employees of the Senate and House of Representatives, respectively, borne on the annual and session rolls on the 3d day of March, 1883, one month’s extra pay, at the rate of compensation then paid them by law, whióh shall be immediately available.”
It is insisted on the part of the defense that the claimant is neither an officer nor employé of the Senate or House, and therefore not entitled to the benefit of said law. Upon the decision of that question depends the claimant’s right to recover.
The captain of the Capitol police is appointed by the joint action .of the Sergeants-at-Arms of the two houses of Congress *560 and the Architect of the Capitol extension. He is paid by the sergeants of either house, acting alternately, and for that purpose his name appears on a pay-roll of both houses.
In order for the claimant to recover, he must, by the requirement of the statute, have the qualifications of being borne on the annual session rolls, and be either an officer or an employé of the Senate or House of Eepresentatives. By finding II he was on the 3d of March, 1883, on the “pay-roll” of Congress, and the question arises, was he on that day an officer or employé within the meaning of the law.
The fact that his name appears on a pay-roll of both houses will not confer upon the claimant the right to recover, as his right to be on such rolls depends upon the qualification whether he was in contemplation of the statute an officer or employé of either house.
Prior to 1867 the police of the Capitol were appointed by the Commissioner of Public Buildings and Grounds$ then it was provided that the Chief Engineer of the Army and the Sergeants-at-Arms of the two houses should constitute the Board; and by the act of 1873 the “Architect of the Capitol extension” was added in place of the Chief Engineer of the Army.
The officers who by law constitute the appointing power have organized, as a distinct Board, the Architect being the president. The rules adopted by this board embrace the entire supervision of the Capitol and its grounds, whether Congress is in session or not. It is a police having jurisdiction of the grounds and Capitol as the property of the United States, and which is simply incidentally protective, to each house of Congress, in the preservation of “order and decorum within the Capitol and its grounds.”
It cannot be said that Congress intended to employ such a large force in addition to the ordinary force of. a legislative body simply to preserve order, to facilitate and protect the deliberations of the two houses. But it is insisted by the claimant that the fact that the police áre paid by the officers of the House, and for that purpose are on a roll, and that they have been paid in advance under a resolution anticipating the payment of officers and employés, is such a legislative construction as authorizes their payment under the act of March 3,1880.
At the time said act was passed a joint resolution was also passed providing in express terms that those on -the pay-roll *561 ■on the 1st of July, 1882, should be paid one month’s extra pay. The last resolution would seem to indicate that when Congress intended to provide for them they did so by express provision. They are not appointed by the joint or several action of the houses, but by a Board, having distinct powers to do so, under the act of 1873.
A question somewhat similar to the one at issue came before this court in the case of Saunders (22 Wall., 492; 10 C. Cls. R., 63). In that case the court, in substance, held that an employé “had reference only to persons employed under the direction •of the two houses of Congress or their committees; and in the statute construed, in that case, all the employes of the Senate and House are enumerated, and in addition thereto the “Capitol police.” (14 Stat. at L., 323, section 18.) It is true at that time the police were appointed by a Board differently constituted, but that fact is not sufficient to justify a different construction of the law.
Considering the history, duties, and laws incident to the police, we must determine that they do not come within the description of persons contemplated by the act of March 3,1883.
It is therefore adjudged that the petition of claimant be dismissed.