Williams, Judge,
delivered the opinion:
This is a claim for the recovery of amounts alleged to be due plaintiff as a former officer of the Medical Corps of the Navy on account of a dependent wife for the period from December 1, 1923, to August 15, 1928, and from March 16, 1929, to April 11, 1929, on which latter date he resigned from the service.
It is agreed between the parties that if the plaintiff is entitled to additional rental and subsistence allowances for the period in question, there is due him the sum of $3,610.46.
On December 6,1921, the plaintiff married Frances Louise Kennedy. In April, following their marriage, the plaintiff and his wife separated, each charging the other with desertion, and thereafter they never lived together as husband and wife. The plaintiff brought suit for divorce from his wife in 1926, alleging desertion on her part, which suit she successfully resisted. In 1928 the plaintiff’s wife brought an action against him charging nonsupport, and pursuant to an order of court he paid her $60.00 per month, for a period of six months. They at no time lived together as husband and wife during the periods for which additional rental and subsistence allowances are claimed in this suit, and the plaintiff contributed nothing whatever to his wife’s support during the said periods. The plaintiff was allowed and has received the increased rental and subsistence allowances provided by law for the period in which he made payments to his wife under the order of court.
Section 4, of the act of June 10, 1922, 42 Stat. 625, 627, granting pay to officers having dependents, reads as follows :
“ That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
The plaintiff contends that the provision of the section aforesaid, that dependents “shall include at all times and in all places a lawful wife,” entitles him to recover the additional rental and subsistence claimed, upon proof of *564 the fact that he had a lawful wife during the period of the claim; that it is wholly immaterial whether or not they lived together as husband and wife, or whether he contributed to her support during such period; that the court must give effect to the literal words of the statute and may not inquire into the intent of the lawmaking body to determine whether or not the plaintiff comes within the purpose and spirit of the act.
The defendant, on the other hand, contends that the issue before the court is not whether the plaintiff had a lawful wife during the period of the claim, but whether the plaintiff is entitled to increased rental and subsistence allowances on account of a lawful wife from whom he was separated and whom he wilfully failed and refused to support; that while the language of section 4 makes a “ lawful wife ” a “ dependent ” “ at all times and in all places,” and relieves the plaintiff from the necessity of making proof of such dependency, he, having failed and refused to contribute to his wife’s support, does not come within the intent and meaning of the statute and should not recover.
In other words, the defendant contends that while the plaintiff comes within the letter of the statute, he does not come within its spirit or within the intent of its makers.
While the primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language used (United States v. Goldenberg, 168 U. S. 95, 102), the rule is also well established that “ a court is not always confined to the written word ” (United States v. Farenholt, 206 U. S. 226, 229), and that a statute is to be interpreted not only by its exact words, but also by its apparent general purpose (United States v. Saunders, 22 Wall. 492), and that a “ case may be within the meaning of a statute and not within its letter, and within its letter and not within its meaning ” (Stewart v. Kahn, 11 Wall. 493, 504), and that courts will look into the occasion for the passage of an act, and consider the wrongs which it seeks to remedy, in order to ascertain how far Congress intended to afford relief. Johnston v. United States, 17 C. Cls. 157.
In Brewer v. Blougher, 14 Pet. 178, Chief Justice Taney said:
*565 “ It is undoubtedly the duty of the court to ascertain the meaning of the legislature, from the words used in the statute, and the subject-matter to which it relates; and to restrain its operation within narrower limits than its words import, if the court are satisfied that the literal meaning of its language would extend to cases which the legislature never designed to embrace in it.”
In Holy Trinity Church v. United States, 143 U. S. 457-459, the court heid that the act of February 26, 1885, “to prohibit the importation and migration of foreigners and aliens under contract or agreement to perform labor in the United States, its Territories, and the District of Columbia ” (23 Stat. 332, c. 164), did not apply to a contract between an alien, residing out of the United States, and a religious society incorporated under the laws of a State, whereby he engages to remove to the United States and to enter into the service of the society as its rector or minister.
The court in its opinion, after stating, “ It must be conceded that the act of the corporation is within the letter of this section, for the relation of rector to his church is one of service, and implies labor on the one side with compensation on the other,” said:
“ It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. This has been often asserted and the reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.”
The court in Crooks v. Harrelson, 282 U. S. 55, in referring to its opinion in Holy Trinity Church v. United States, supra, said:
“ The principle sought to be applied is that followed by this court in Holy Trinity Church v. United States, 143 U. S. 457; but a consideration of what is there said will disclose that the principle is to be applied to override the literal terms *566 of a statute only under rare and exceptional circumstances. The illustrative cases cited in the opinion demonstrate that,, to justify a departure from the letter of the law upon that ground, the absurdity must be so gross as to shock the-general moral or common sense.”
Applying the rule announced by the courts in the cases; cited to the instant case, we are of the opinion the plaintiff' can not recover.
There can be no doubt as to the purpose of the statute in question. The additional allowances authorized are intended to be, and are, in the nature of a reimbursement to officers with dependents for expenses incurred by them in the support of such dependents. The statute recognizes the obvious-fact that a salary pay adequate for the reasonable support of an officer without dependents, might be wholly inadequate for the support of an officer with dependents. It was the-intent and purpose of Congress in the enactment of this-statute to relieve officers with dependents from the necessity of bearing the full burden of the support of such dependents out of their official salaries.
The plaintiff in this case contributed nothing to his wife’s support during the period for which he claims additional allowances for a dependent wife. He had prior to that time deserted her and during the full period of the claim refused to live with her as his wife. The payment to him of the additional rental and subsistence allowances claimed would not be a reimbursement or a partial reimbursement, of expenses incurred by him on account of having a lawful wife but would amount to a bonus pure and simple. Conceding that the plaintiff comes within the letter of the-statute, “ the term ‘ dependent ’ * * * shall include at. all times and in all places a lawful wife,” he manifestly-does not come within its spirit nor within the undoubted intentions of its makers. Not being within the spirit of the-statute the plaintiff is not within the statute, and can not recover. Any other construction of the statute would lead to a result so grossly absurd as to “ shock the general moral or common sense.” While the plaintiff had a lawful wife during the period of his claim, he repudiated his moral and *567 legal obligations to provide for her and is in no different position than that of an unmarried fellow officer.
The plaintiff’s petition is dismissed. It is so ordered.
Whaley, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.