Whaley, Judge,
delivered the opinion of the court:
This claim is presented by an officer of the Regular Army who sues to, recover on account of a dependent wife for the period from August 1, 1927, to March 31, 1929. The facts are not in dispute. The sole question for decision is — did plaintiff have a lawful wife for that period within the meaning of section 4 of the act of June 10, 1922. The pertinent part of this section provides:
“That the term ‘dependent’ * * * shall include at all times and in all places a lawful wife * *
The facts disclose that the plaintiff was granted a decree of absolute divorce by the Circuit Court of the Territory of Hawaii on August 1, 1927. An appeal was taken to the Supreme Court of the Territory of Hawaii and that court reversed the decision of the Circuit Court. The effect of this decision of the highest court of the Territory was to render void the decision of the lower court from the beginning and restore the relationship of the' parties as if no decree for divorce had ever been entered. The plaintiff and his wife in legal effect remained husband and wife without interruption. Before the decree granting the divorce, the plaintiff was entitled to additional rental and subsistence allowances for a lawful wife dependent upon him. He contributed before the decree $150 a month to her support However, from the date of the entry of the decree of absolute divorce to the rendering of the' decision by the higher court, the plaintiff did not claim and was not paid for a dependent. Upon the rendition of the order of the Supreme Court of the Territory, plaintiff was called upon and required to pay, oht of his official salary, the sum of $150 per month for the period in which the decree of the 'lower court was in effect. In other words, he has paid his lawful wife for the period intervening between the orders of the two courts the same monthly allowance as if there had been no decree of divorce.' His official salary has been depleted to that extent'.' Under the'act he is entitled to receive allowances for a lawful-wife dependent upon him and he has during all this period had a lawful wife and has paid her the sum, ahdr more than the sum for which he is suing to recover. . , ■ •
*495 There is nothing in the record to show a, separation-of these two people during which time the husband has not contributed to his wife’s support, which was the case in Robey v. United States, 71 C. Cls. 561. On, the contrary, there has been only a temporary suspension, of contributions by the husband due to a court decree,, which, was made up to the wife when the decree was reversed. The plaintiff is not making anything out .of this allowance as the court held Kobey would have in the Robey case, supra. Having paid it out of his official salary, the return to plaintiff. would simply be to restore to him what the clear meaning of the statute intended him to have.
The plaintiff is entitled to recover the sum of $1,530.80. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Ghief Justice, concur. - ;