Williams, Judge,
delivered the opinion of the.court:
The plaintiff, during the period from June 30, 1927 to June 30, 1930, held the rank of lieutenant commander in the Staff Corps of the Navy with more than 20 and less than 23 years of commissioned service. He received the pay and allowances of the fourth-pay period;' He claims that he was entitled to receive the pay and allowances of the fifth-pay period.' The claim is based on the provisions of section 1, of the Adjusted Pay Act of June 10, 1922, 42 Stat. 625, 626:
“The pay of the fifth period shall be paid to * ‘ * * lieutenant commanders of the Navy, and officers of corresponding grade who have completed twenty-three years’ service: Provided, That lieutenant commanders of the Staff Corps of the Navy who were appointed between the dates of March 4, 1913, and June 7, 1916, in a grade above that of ensign, shall receive the pay of this pay period after completing twenty years’ service.”
*941 It must be conceded that the plaintiff comes literally within the requirements of the statute. He was appointed an officer of the Staff Corps of the Navy between the dates of March 4, 1913, and June 7, 1916, in a grade above that of ensign and had completed 20 years1 of service oh June 30, 1927. The defendant, however, contends that while the plaintiff comes within the letter of the statute, he does not come within its spirit; that the proviso relied upon was not intended by Congress to operate in favor of officers of the line transferred to the Staff Corps, but was intended solely to operate to the advantage of the officers of the Navy who had been appointed from civil life between the dates mentioned so as to make their pay on a parity with the pay of their running mates in the line who had been appointed to the academy prior to 1913.
The plaintiff says that the statute as it stands expresses “a clear and intelligible intention, and therefore it must be accepted without modification by resort to construction or conjecture”; that the defendant’s construction, if accepted, would require the court to read into the statute the words “from civil life”, making the proviso read: “That lieutenant commanders of the Staff Corps of the Navy who were apr pointed [from civil life] between the dates of March 4, 1913 and June 7, 1916, in a grade above that of ensign, shall receive the pay of this pay period after completing 20 years’ service.”
The primary rule of statutory construction is that the intent of the lawmaker is to be found in the language used, United States v. Goldenberg, 168 U. S. 95, 102, and that where this expresses an intention reasonably intelligent and plain it must be accepted without “modification by resort to construction or conjecture.” Thompson v. United States, 246 U. S. 547. This rule, however, is not absolute, and the court is not always confined “to the written, word.” United States v. Farenholt, 206 U. S. 226, 229 ; and, a statute is to be interpreted not only by its exact words but 'also by its apparent general purpose. United States v. Saunders, 22 Wall. 492. A case may be “within the meaning' of a statute and not within its letter, and within its letter and not within *942 its meaning. The intention of the lawmaker constitutes the law.” Stewart v. Kahn, 11 Wall. 498. The courts will look into the occasion for the passage of an act, and will “•consider the evils or wrongs which it seeks to remedy, their nature and extent, in order to determine how far it was intended that the act should reach.” Johnston v. United States, 17 C. Cls. 157.
In Brewer v. Blougher, 14 Pet. 178, the court said:
“It is undoubtedly the duty of the court to ascertain the meaning of the legislature, from the words used in the statute, and the subject matter to which it relates; and to restrain its operation within narrower limits than its words import, if the court aré satisfied that the literal meaning of its language would extend to cases which the legislature never designed to embrace in it.”
In Holy Trinity Church v. United States, 143 U. S. 457-459, the court said:
“It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. This has been often asserted and the reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of;the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.”
The act of March 3, 1899, 30 Stat. 1004, had the following provision:
“* * * All officers, including warrant officers who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service.”
This law remained in, effect until the passage of the act of March 4, 1913, 37 Stat. 891, which contained the provision :
“That so much of an act entitled ‘An act to reorganize and increase the efficiency of the personnel of the Navy and Marine Corps’, approved March third, eighteen hundred and *943 ninety-nine, which reads as follows: ‘and that all officers, including warrant officers, who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited for computing their pay, with five'years’ service’, shall not apply to any person entering the Navy from and after the passage of this act.”
This act also further provided that:
“Hereafter the service of a midshipman at the United States Naval Academy, or that of a cadet at the United States Military Academy, who may hereafter be appointed to the United States Naval Academy, or to the United States Military Academy, shall not be counted in computing for-any purpose the length of service of any officer in the Navy or in the Marine Corps.”. • . ,
These provisions created a disparity in pay between officers of the Staff Corps of the Navy who were appointed from civil life during the period March 4, 1913, and June -7, 1916, and their running mates in the line of the Navy appointed during the same period, for the reason that the right of the former to credit for constructive service in the. computation of their pay was withdrawn, while the latter having been appointed to the Naval Academy prior to March 4, 1913, were entitled to have their academy service included in the computation of their pay.
The undoubted purpose of the proviso upon which plaintiff’s claim is based was to adjust this disparity. Without the proviso a lieutenant commander of the Staff-Corps of the Navy appointed to a rank above that of ensign during the years in question was required to complete twenty-three years of actual service to receive the pay of the fifth period, while a line officer of the same rank was entitled to the fifth period pay after completing twenty-three years of service including the time spent at the Naval Academy as a midshipman. This situation Avas clearly pointed out in the hearings before the Special Committee of the House, 67th Congress, 2nd session, which reported favorably to the House H. R. 10972 (the act of June 10,1922). The report of the committee stated:
“The proviso inserted relative to lieutenant, commanders of the Staff Corps of the Navy appointed between the dates of March 4, 1913, and June 7, 1916, has been inserted to *944 establish a parity of pay between those officers and their running mates in. the line of the Navy and officers of corresponding rank in the other services. * * *
“This is consistent with the law in force in the Navy prior to 1913 which gave constructive service to such officers for pay and position in the promotion list — and also with the law which deprives such officers, appointed since 1916, this constructive service.”
It is clear that although the plaintiff comes within the letter of the law he is not within its spirit or the intent of its makers. The proviso was never intended to benefit officers transferred from the line of the Navy to the Staff Corps. The plaintiff has already received the benefit of the service performed by him as midshipman. This places him on a parity with other officers of the line. To give him now the further benefit of the proviso merely because he happened to be transferred to the Staff Corps within the period named therein would create a disparity by giving him an advantage over his running mates in the line. To so construe the proviso would lead to a result so unjust and absurd that it is unthinkable that Congress ever intended it.
The plaintiff’s petition is without merit and is hereby dismissed.
It is so ordered.
Whaley, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.