MaddeN, Judge,
delivered the opinion of the court:
The question posed by the petition and the foregoing findings of fact is whether plaintiff, a naval officer of the rank of lieutenant during a portion, and lieutenant-commander during the balance, of the time in question, is entitled to the increased rental and subsistence allowances provided for by sections 4, 5, and 6 of the act of June 10, 1922, 42 Stat. 625, 627, as amended by the act of May 31, 1924, 43 Stat. 250.
Section 4 of the act provides:
That the term dependent as used in the succeeding sections of this Act shall include at all times and at all places a lawful wife, and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.
This language of the statute seems to say that a lawful wife or an unmarried minor child shall be a statutory dependent, with no questions asked as to the fact of dependency, just as plainly as it says that a mother shall be regarded as a dependent only if in fact she is chiefly supported by the *236 officer. There is nothing else in the statute which indicates that this apparent meaning was not the legislative meaning.
The equities of plaintiff’s position are in accord with the plain meaning of the statute. Plaintiff had a lawful wife, and the record shows no marital fault on his part. She rejected his proffered support but as a consequence of her conduct put him to great expense.
Robey v. United States, 71 C. Cls. 561, is claimed by the Government to be an obstacle to plaintiff’s claim. The court did not intend by the language there used to make dependence in fact the test of an officer’s right to an allowance for “dependents.” To do so would require a perpetual and universal inquisition into the family affairs of officers such as, for example, those whose wives have means of their own and are not at all or only partly supported by their husbands.
The plaintiff in the Robey case had deserted and refused to live with his wife. He was not morally entitled to anything because of her, and the court concluded that he was not within the “spirit” of the statute and should not recover. Plaintiff here is fully within both the language and the spirit of the statute.
Plaintiff’s counsel stated at the oral argument that the decree of divorce granted the wife on November 2,1939, by the Circuit Court, had now become final. Plaintiff is entitled to recover the rental and subsistence allowances of an officer of his grade and rank with dependents, for the period from August 2,1936, to November 2,1939, in the amount to which such allowances have been denied him or have, after payment to him, been taken from him by the imposition of checkages.
Plaintiff’s claim having been a continuing one at the time of the hearing before the commissioner of the court so that the amount of it could not then be finally determined, the entry of judgment will be suspended pending the filing by the General Accounting Office of a statement of the amount due him from August 2, 1936, to November 2, 1939.
It is so ordered.
JoNEs, Judge; WhitakeR, Judge; Littletoh, Judge; and Whaley, Chief Justice, concur.